# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF GARY, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 2:10-CV-454-JD-PRC |

## OPINION AND ORDER

This matter is before the Court on (1) Request for Leave to Amend Complaint [DE 56], filed by Plaintiff on March 21, 2011; (2) Plaintiff's Request for the Court to Issue an Order for the Clerk to Make Necessary Copies of the Complaint [DE 53], filed by Plaintiff on March 17, 2011; (3) Motion to Strike [DE 52], filed by Defendants City of Gary, Mayor Rudy Clay, Chief Gary Carter, Officer Gill, and Officer Williamson (sued as Will) (collectively, "City Defendants") on March 17, 2011; and (4) Defendant Lake County Board of Commissioners Motion to Strike Amended Complaint [DE 55], filed by Defendant Lake County Board of Commissioners ("Lake County") on March 22, 2011.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, proceeding in this matter *pro se*, filed his complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

All the parties filed answers to the Complaint by January 2, 2011, and discovery commenced. A Rule 16 Preliminary Pretrial Conference was held by this Court on February 17, 2011, at which the Court set a deadline of March 15, 2011, for Plaintiff to file a motion for leave to amend pleadings.

On March 15, 2011, Plaintiff filed a First Amended Complaint [DE 51] without leave of Court. He did not file a Motion to Amend until March 21, 2011. Defendants filed Motions to Strike on March 17 and 22, 2011, requesting that the Court strike Plaintiff's Amended Complaint.

In the instant Motion to Amend, Plaintiff requests that the Court grant leave for Plaintiff to amend the Complaint to "cure technical deficiencies in the complaint and in the interest of justice." The proposed Amended Complaint increases the number of claims from two to thirty-three and the number of named defendants from seven to eleven, and adds additional non-enumerated and unnamed "unknown defendants." Defendant Lake County and City Defendants filed Responses to the Motion to Amend [DE 57, 62], and Plaintiff filed a combined brief in response to the Motions to Strike and in reply to the Motion to Amend [DE 63]. The Court will consider each of these Motions in turn.

## ANALYSIS

### A. Motions to Strike

Defendants argue that Plaintiff's proposed amended complaint should be stricken for failure to comply with Federal Rule of Civil Procedure 15 and Local Rule 15.1. Describing the procedural requirements of requesting leave to amend a pleading, Northern District of Indiana Local Rule 15.1 provides:

> A party who moves to amend a pleading shall attach the original of the amendment to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. A failure to comply with this rule is not grounds for denial of the motion.

N.D. Ind. L.R. 15.1.

2

Plaintiff's First Amended Complaint was docketed separately from and a week before he filed his Motion to Amend, and was therefore not in compliance with Local Rule 15.1. Because it has been docketed, the Court will consider its contents in connection to the merits of the Motion to Amend, and for the purposes of these Motions will consider it a proposed Amended Complaint. However, as described below, the Motion to Amend will not be granted, and the proposed Amended Complaint will be stricken, both because of the procedural failings and because the Motion to Amend fails on its merits.

**B.    Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course.
> A party may amend its pleading once as a matter of course within:
> > (A) 21 days after serving it, or
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments.
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, because the time for Plaintiff to amend his pleading as a matter of course has expired and the opposing parties have not given consent, Plaintiff must seek leave of Court. If the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the

sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg.* Co., 477 F.3d 910, 923 (7th Cir. 2007); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

In the Preliminary Pretrial Conference held on February 17, 2011, the Court set the deadline of March 15, 2011, for Plaintiff to file a motion for leave to amend pleadings. Plaintiff did not file his Motion until March 21, 2011. Although only a week after the deadline, nowhere does Plaintiff attempt to explain the delay or request an extension of that deadline from the Court. Although Plaintiff is proceeding *pro se*, he has practiced law in this area of the state as an assistant city attorney, a deputy prosecutor, and a private criminal defense attorney, and even *pro se* litigants are required to abide by the Court's procedural rules. Compl. ¶ 3; *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Plaintiff requests leave to amend his complaint on the grounds that the amendment would "cure technical difficulties" without any description of what those difficulties were or how the proposed Amended Complaint would cure them. On the contrary, Defendants point out numerous deficiencies in Plaintiff's proposed Amended Complaint, including the addition of numerous claims that are beyond the scope of any conceivable statute of limitations; the addition of many new claims,

4

many of which appear to be unrelated to the original claims; the addition of numerous new defendants, many of whom have not been on constructive notice of the action; the addition of claims and parties that would be barred by immunity; the inclusion of new claims against parties in their individual capacity in addition to their official capacity without any indication of the legal basis for those claims; the addition of claims arising out of actions unrelated to any named parties; and the inclusion of narrative describing conduct and actors that appear entirely unrelated to any of the identified causes of action. The proposed Amended Complaint is voluminous, sprawling, and confused, containing pages of narrative without any apparent connection to the original Complaint or even to the identified claims or named parties. In addition to Plaintiff's delay in filing the Motion for leave to amend the pleadings, Defendants argue that the allowance of the Amended Complaint will cause further undue delay by forcing the Court and the Defendants to weed through an eighty page document detailing twenty years of occurrences to determine what, if any, claims are being asserted that survive the relevant statutes of limitations and other procedural shortcomings in the pleadings.

In this case, Plaintiff failed to meet the Court's deadline for filing a Motion to Amend and did not give any reason for his delay. It is apparent that at least a significant portion of the proposed Amended Complaint would be futile. An attempt by the Court or the Defendants to parse the voluminous narrative in attempt to determine which, if any, claims could survive would cause undue delay and is not in the interests of justice or judicial economy. Rather than allowing the case to proceed on the merits, as Rule 15 intends, granting the Motion to Amend would introduce technical deficiencies, delay, confusion, and the potential for prejudice into these proceedings.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Request for Leave to Amend Complaint [DE 56]; **GRANTS** the Motion to Strike [DE 52]; **GRANTS** Defendant Lake County Board of Commissioners Motion to Strike Amended Complaint [DE 55]; and **DENIES as moot** Plaintiff's Request for the Court to Issue an Order for the Clerk to Make Necessary Copies of the Complaint [DE 53]. The Court **STRIKES** from the Record Plaintiff's proposed Amended Complaint, currently docketed at [DE 51].

So ORDERED this 20th day of April, 2011.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record  
Plaintiff, *pro se*