UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 2:10-CV-454-PRC |
| v. ) | |
| ) | |
| THE CITY OF GARY, *et al.*, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) Request for Leave of Court to Amend Complaint [DE 75], filed by Plaintiff on May 9, 2011; (2) Amended Request for Leave of Court to Amend Complaint [DE 80], filed by Plaintiff on May 20, 2011; and (3) Request for the Court to Issue Findings of Fact and Conclusions of Law Pursuant to Federal Rule of Civil Procedure 52 [DE 92], filed by Plaintiff on June 21, 2011.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

All the parties filed answers to the Complaint by January 2, 2011, and discovery commenced. A Rule 16 Preliminary Pretrial Conference was held by this Court on February 17, 2011, at which the Court set a deadline of March 15, 2011, for Plaintiff to file a motion for leave to amend pleadings.

On March 15, 2011, Plaintiff filed a First Amended Complaint [DE 51] without leave of Court. He did not file a Motion to Amend until March 21, 2011. Defendants filed Motions to Strike on March 17 and 22, 2011, requesting that the Court strike Plaintiff's Amended Complaint. On

April 20, 2011, the Court issued an Opinion and Order denying the Motion to Amend and striking the proposed Amended Complaint.

In the instant Motions to Amend, Plaintiff again requests that the Court grant leave for Plaintiff to amend the Complaint to "cure technical deficiencies in the complaint and in the interest of justice." The proposed Amended Complaint includes some corrections and increases the number of claims from two to thirty-four, the number of named defendants from seven to ten, and the number of pages from twenty-three to ninety-nine.

City of Gary Defendants, Lake County Defendants, and Defendant Lake County Board of Commissioners filed responses to Plaintiff's Motion to Amend and Plaintiff filed two replies.

**ANALYSIS**

**A.     Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course.
> A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments.
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, because the time for Plaintiff to amend his pleading as a matter of course has expired and the opposing parties have not given consent, Plaintiff must seek leave of Court. If the

underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg*. Co., 477 F.3d 910, 923 (7th Cir. 2007); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

In the Preliminary Pretrial Conference held on February 17, 2011, the Court set the deadline of March 15, 2011, for Plaintiff to file a motion for leave to amend pleadings. Plaintiff claims that his financial hardship and inexperience litigating in the federal courts kept him from meeting the deadlines, although he does not explain why he was unable to request an extension of the deadline and did not file a request for an extension even after the need was pointed out to him, and despite his ability to file numerous other motions. Although Plaintiff is proceeding *pro se*, he has practiced law in this area of the state as an assistant city attorney, a deputy prosecutor, and a private criminal defense attorney, and even *pro se* litigants are required to abide by the Court's procedural rules. Compl. ¶ 3; *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Plaintiff requests leave to amend his complaint on the grounds that the amendment would cure technical difficulties, including spelling errors and specifically identifying as parties individuals whose behavior had been described in the previous draft of the Complaint. In addition, he notes that the proposed Amended Complaint adds a number of new claims and provides alternate legal bases for relief. However, Plaintiff has not addressed many of the problems with his first proposed Amended Complaint. There are still numerous claims beyond the scope of any conceivable statute of limitations; the addition of many new claims, many of which appear to be unrelated to the original claims; the addition of new defendants, many of whom have not been on constructive notice of the action; the addition of claims and parties that would be barred by immunity; the inclusion of new claims against parties in their individual capacity in addition to their official capacity without any indication of the legal basis for those claims; the addition of claims arising out of actions unrelated to any named parties; and the inclusion of narrative describing conduct and actors that appear entirely unrelated to any of the identified causes of action.

Like the first proposed Amended Complaint, this proposed Amended Complaint is voluminous, sprawling, and confused, containing pages of narrative without any apparent connection to the original Complaint or even to the identified claims or named parties. As with the first proposed Amended Complaint, allowance of this Amended Complaint will cause delay in the case by forcing the Court and the Defendants to weed through a nearly hundred page document detailing twenty years of occurrences to determine what, if any, claims are being asserted that survive the relevant statutes of limitations and other procedural shortcomings in the pleadings.

As with the first proposed Amended Complaint, it is apparent that at least a significant portion of the proposed Amended Complaint would be futile. An attempt by the Court or the

4

Defendants to parse the voluminous narrative in attempt to determine which, if any, claims could survive would cause undue delay and is not in the interests of justice or judicial economy. Rather than allowing the case to proceed on the merits, as Rule 15 intends, granting the Motion to Amend would introduce technical deficiencies, delay, confusion, and the potential for prejudice into these proceedings.

The Lake County Defendants argue that Plaintiff is acting in a bad faith and dilatory manner, forcing counsel for Defendants to waste time and resources countering what they term to be an improper attempt to amend. Defendant Lake County Board of Commissioners and the City of Gary Defendants request that the Court impose sanctions on Plaintiff. Although the Court declines to impose monetary sanctions against this *pro se* Plaintiff, it will warn Plaintiff of the need to comply with the Court's rules and refrain from wasting the time and resources of the Court and opposing counsel with repetitive and frivolous motions.

### B. Motion for Findings of Fact

Plaintiff requests that the Court "Issue Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52 regarding the Request for Leave to Amend the Complaint." Federal Rule of Civil Procedure 52 applies "[i]n an action tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1). There has been no bench trial in this case. Accordingly, a motion under Rule 52 is premature.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Request for Leave of Court to Amend Complaint [DE 75], the Amended Request for Leave of Court to Amend Complaint [DE 80] and the Request for the Court to Issue Findings of Fact and Conclusions of Law Pursuant to Federal

Rule of Civil Procedure 52 [DE 92]. Plaintiff is **CAUTIONED** that further attempts to amend the Complaint and continued filing of frivolous motions will be viewed with displeasure and may result in the imposition of monetary sanctions.

So ORDERED this 29th day of July, 2011.

s/ Paul R. Cherry<br>MAGISTRATE JUDGE PAUL R. CHERRY<br>UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*