UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, )<br>    Plaintiff, )<br> )   CAUSE NO.: 2:10-CV-454-PRC<br>v. )<br> )<br>THE CITY OF GARY, *et al*., )<br>    Defendants. ) | |

### OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment by All Gary Defendants [DE 135], filed by the City of Gary, Mayor Rudy Clay, City of Gary Chief of Police, Officer Johnny Gill, and Officer Williams (the "Gary Defendants") on August 26, 2011.

### PROCEDURAL BACKGROUND

Plaintiff Robert Holland, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities. It includes claims against the Gary Defendants for numerous constitutional violations stemming out of the arrest of Holland and subsequent court proceedings.

On September 29, 2011, Holland filed a response, titled a Motion to Deny the Motion for Summary Judgment Filed by the City of Gary Defendants, and the Gary Defendants filed a reply on October 14, 2011. The Court ordered supplemental briefing on the sole issue of the legal responsibility of the City of Gary for Gary City Court employees. On November 28, 2011, the Gary Defendants filed their supplemental brief, and Holland filed his supplemental brief on December 12, 2011.

The parties orally agreed on the record to have this case assigned to a United States

Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar

2

materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . " Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party.  *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).  A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact.  *See Anderson*, 477 U.S. at 249-50.

## FACTUAL BACKGROUND

On March 3, 2010, in the late afternoon, the Gary police were called to the home of Holland's mother.  Holland was standing outside the home when Officer Johnny Gill arrived. Holland's mother and other witnesses informed Officer Gill and Officer Williams, who arrived a few minutes after Gill, that Holland had become enraged and ranted and raved at his wheelchair-bound mother, poking her in the head with his finger and spitting in her face.  The witnesses also reported that Holland threatened his mother, telling her that if he went to jail, she would end up in the morgue.  Officer Gill arrested Holland, who was taken to the Gary Police Department where he was booked at 4:00 pm on March 3, 2010.  Holland was taken to the Lake County Jail on March 5, 2010, and the court found probable cause the same day.  Holland's initial hearing in court was held on Saturday, March 6, 2010, at around 10:30 a.m.

## ANALYSIS

The Gary Defendants argue that the Gary police had probable cause to arrest Holland, such that his Fourth Amendment, false arrest, false imprisonment, and malicious prosecution claims cannot survive.  Holland does not provide any argument about the merits of the case or describe any factual dispute, but argues that the instant Motion is premature, based on argument, not supported by proper evidence, and not based on personal knowledge.  The Gary Defendants also argue that

4

many of the claims are not properly against the City of Gary, Mayor Rudy Clay, Chief of Police Gary Carter, Officer Johnny Gill or Officer Williams. They argue that neither the City of Gary nor the individually-named Defendants are legally responsible for the actions of the Gary City Court Clerk, the Gary City Court Judge, or the Lake County Prosecuting Attorney, and that the Gary Defendants are therefore entitled to summary judgment on numerous claims alleging acts for which they are not responsible.

### A. Improper Defendants

The Gary Defendants argue that they had nothing to do with the events that occurred after Holland's initial arrest, and that they are entitled to summary judgment on the claims that should have been brought against the Gary City Court Clerk, the Gary City Court Judge, the Lake County Prosecuting Attorney, or other actors who are not one of the individually named Gary Defendants or part of the legal entity that is the City of Gary. Holland argues that the City of Gary is legally responsible for Gary City Court employees because their actions created or were the result of official City of Gary policy and there was an employer-employee relationship between the City of Gary and the Gary Court.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, even if there was a policy or custom of the Gary City Court or the court's clerk staff that inflicted a constitutional injury on Holland, the City of Gary would only be liable for that injury if the Judge, clerk staff, and prosecuting attorney are "policymaker[s] with final policymaking authority for th[e Gary] municipalit[y] under state law." *Woods v. Mich. City*, 940

F.2d 275, 27 (7th Cir. 1991). The Court must look to state law to determine whether these parties had final policy making authority. *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988)) (other citations omitted). "Indiana law reveals that judges of Indiana's circuit, superior and county courts are judicial officers of the State judicial system: 'they are not county officials.' County courts in Indiana are exclusively units of the judicial branch of the state's constitutional system." *Id.* (quoting *Pruitt v. Kimbrough*, 536 F. Supp. 764, 766 (N.D. Ind.1982)) (citing *Parsons v. Bourff*, 739 F. Supp. 1266 (S.D. Ind. 1989); *State ex rel. McClure v. Marion Superior Court*, 158 N.E.2d 264 (Ind. 1959)). The court system is separate from the other branches of the City of Gary government, and the judges, clerk of court, and prosecuting attorneys are not officers of the city government. Ind. Const. Art. 3, § 1; *Pruitt*, 536 F. Supp. at 766; *McClure*, 158 N.E.2d at 268, n.2 ("We therefore have a distinct recognition by the legislature that the office of clerk of the circuit court is not a county office. n2 The same is true of judges of the circuit court, as well as prosecuting attorneys.") (citing *State v. Patterson*, 105 N.E. 228 (Ind. 1914); *State ex rel. Pitman v. Tucker*, 46 Ind. 355 (1874)); *State ex rel. Gibson v. Friedley*, 34 N.E. 872, 874 (Ind. 1893) ("The judge and prosecuting attorney are constitutional officers; they are so designated in the organic law, and are neither State nor county officers.").

Holland argues that the City of Gary funds the Gary City Court as it does other city departments, and that therefore the court staff are employees of the City of Gary. However, "Indiana law has long required that county government directly finance the operation of the state trial court system," including "the entire salaries of support court personnel. Despite this system of funding, it is without question that Indiana's circuit, superior and county courts are exclusively units of the judicial branch of the state's constitutional system and as such are not units of county government."

6

*J.A.W. v. State*, 650 N.E.2d 1142, 1150-1151 (Ind. Ct. App. 1995) (citing *Pruitt*, 536 F. Supp. at 766; Ind. Code § 31-6-9-1; Ind. Code § 33-10.5-8-3; Ind. Code § 31-6-9-4(a); Ind. Const. art. 3, § 1, art. 7 § 1; *Woods,* 940 F.2d at 279; *McClure,* 158 N.E.2d at 268-69). Accordingly, "[n]o municipal liability attaches in this case because the judge under Indiana law is not such an official vis a vis the city and county. The city . . . cannot be held liable under § 1983" for the acts of the judges, employees of the clerks office, or the prosecuting attorneys, because they are not final policymakers for the City of Gary. *Woods*, 940 F.2d at 279.

Therefore, the Gary Defendants are entitled to summary judgment for all claims filed against them that seek recovery for the actions of non-Gary employees: denial of a public hearing, denial of speedy trial by jury, denial of the right to counsel, denial of hearing on bail, denial of the right to discovery, and denial of the right to freedom of speech. To the extent that Holland is also bringing claims of cruel and unusual punishment against the Gary Defendants for actions that occurred while Holland was at the Lake County Jail, these claims are also for actions of individuals other than those for whom any of the Gary Defendants are legally responsible, and the Gary Defendants are entitled to summary judgment on the cruel and unusual punishment claim.

### B.    Probable Cause as bar to Fourth Amendment Claims

Holland claims that he was falsely arrested, falsely imprisoned, and suffered from malicious prosecution. The Gary Defendants argue that there was probable cause to arrest Holland, barring these claims.

"Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citing *Potts v. City of Lafayette*, 121 F.3d 1106, 1113

(7th Cir. 1997)). Probable cause exists if 'at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056-1057 (7th Cir. 2011) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)) (other citations omitted); *see also Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003). The court measures probable cause "not on the facts as an omniscient observer would perceive them," but "as they would have appeared to a reasonable person in the position of the arresting officer." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (citations and quotations omitted); *see also Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000). If "a reasonable officer would have believed the person had committed a crime," then "the arrest is lawful even if the belief would have been mistaken." *Mahoney v. Kesery*, 976 F.2d 1054, 1057-1058 (7th Cir. 1992) (citations omitted). A "jury should determine the existence of probable cause only if 'there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them.'" *Mucha*, 650 F.3d at 1056-1057 (quoting *Gonzalez*, 578 F.3d at 537) (other citations omitted).

In this case, Gary Defendants argue that the officers had probable cause to arrest Holland for intimidation under Indiana Code 35-45-2-1. It holds that "(a) A person who communicates a threat to another person, with the intent: . . . (2) that the other person be placed in fear of retaliation for a prior lawful act; . . . commits intimidation, a Class A misdemeanor." Ind. Code § 35-45-2-1(a)(2). A "threat" is defined as "an expression, by words or action, of an intention to: . . unlawfully injure the person threatened; . . . [or] unlawfully withhold testimony or information with respect to another person's legal claim or defense. . ." Ind. Code §§ 35-45-2-1(c)(1), (5). The arrest report reflects that

Holland told the complainant that if he was sent to jail, "the complaintant [sic] would end up in the morgue," and the same information appears on the probable cause affidavit.

In Holland's response, he does not argue that any of the facts presented by the Gary Defendants are incorrect. Instead, he argues that the Gary Defendants' Motion is untimely because he has not had adequate time for discovery. However, "Defendants may seek summary judgment 'at any time.'" *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (quoting Fed. R. Civ. P. 56(b)).

Federal Rule of Civil Procedure 56(d) provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Holland states that he believes further discovery "will support my allegations of lack of probable cause," but does not say what evidence he expects to uncover or what facts are contested. To the extent that Holland's response is construed as a Rule 56(d) motion, his allegations are insufficient to avoid a ruling on the motion for summary judgment at this time.

"Rule 56(d) 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious,'" but the party invoking it, even a *pro se* party, must show "'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Yuan Xie v. Hospira, Inc.*, No. 10 C 6777, 2011 WL 1575530, at *2, 2011 U.S. Dist. LEXIS 45215, at *4-5 (N.D. Ill. Apr. 27, 2011) (quoting *Lamb's Patio Theatre v. Universal Film Exch.*, 582 F.2d 1068, 1071 (7th Cir. 1978)) (other citations omitted). Holland must

set forth specific evidence that he might obtain from further discovery that would create a genuine issue as to a specific material fact. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005).

Holland does not provide any specific evidence. He only states, "The basis for my belief that discovery will disclose such facts is that witness [sic] that are competent to testify will support my allegations of lack of probable cause, by affidavit, for my arrests," and that he is "currently unable to locate individuals that witnesses [sic] [his] arrest." He does not specifically refer to any particular facts or identify any likely or potential witnesses, nor does he explain why he needs discovery from Defendants in order to obtain affidavits from these witnesses, some of whom are presumably members of his own family who were present at the time of his arrest. Holland's assumption that there is someone, as yet unknown, who will testify on his behalf "is based on nothing more than mere speculation and would amount to a fishing expedition, which is an entirely improper basis for . . . a decision to deny a Rule 56([d]) motion." *Davis*, 396 F.3d at 885 (citing *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir.2002); *United States v. On Leong Chinese Merch. Assoc. Bldg.*, 918 F.2d 1289, 1294-95 (7th Cir. 1990)); *see also Smith v. State Farm Ins. Co.*, 347 Fed. Appx. 228, 230-231 (7th Cir. 2009) ("Without the information about "what allegations th[e] affidavit would have contradicted or who the witness was, . . . it is impossible to evaluate whether the vanished testimony was actually material to the case or otherwise admissible, and therefore whether [the plaintiff] was prejudiced by its absence.").

Holland has failed to demonstrate that there is a genuine issue of material fact regarding whether the officers had probable cause to arrest him, and has failed to show that further discovery might reveal evidence of a genuine issue of material fact. Accordingly, Holland's Fourth

10

Amendment claims against the Gary Defendants for wrongful arrest, unreasonable search and seizure, false imprisonment, and malicious prosecution, cannot succeed. Because Holland's claim for Failure to Investigate is also premised on lack of probable cause, summary judgment is also granted in the Gary Defendants' favor on that count.

### C. Prompt Determination of Probable Cause and Prompt Initial Hearing

Holland argues that he was arrested on a Wednesday but did not have an initial hearing in court until Saturday, violating his constitutional right to a prompt initial hearing. The Gary Defendants assert that there was no constitutional violation because Holland was arrested in the late afternoon of Wednesday, March 3, 2010, the Court found probable cause on March 5, and the charges were filed and approved the same day, less than 48 hours after Holland's arrest. At that point Holland was entitled to post bond. In his Complaint, Holland indicates that his initial hearing was held on Saturday morning at about 10:30 a.m., which was less than 72 hours after his arrest.

The Supreme Court has held that a judicial officer must make a "fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 124-125 (1975). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*. For this reason, such jurisdictions will be immune from systemic challenges." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (citing *Gerstein*, 420 U.S. at 114); *see also Peterson v. State*, 674 N.E.2d 528, 538 (Ind. 1996). Accordingly, the probable cause determination was timely.

Holland's initial hearing was also held in accord with Indiana and federal law. The Indiana

11

Code provides that "[a] person arrested without a warrant for a crime shall be taken promptly before a judicial officer." Ind. Code § 35-33-7-1(a). An initial hearing is sufficiently prompt if it is held within 72 hours of the defendant's arrest. *Schmidt v. State*, 746 N.E.2d 369, 373 (Ind. Ct. App. 2001) (citing Ind. Code § 35-33-7-1); *see also Burton v. McCormick*, No. 3:11CV026, 2011 WL 1157557, at *3, 2011 U.S. Dist. LEXIS 33540, at *7 (N.D. Ind. Mar. 29, 2011) (An "initial hearing held within 72 hours of arrest is deemed proper under Ind. Code 35-33-7-1(a)."). Because Holland's initial hearing occurred within 72 hours of his arrest, it was timely. Accordingly, the Gary Defendants are entitled to summary judgment on Holland's claim that he was denied a prompt initial hearing.

### D. Failure to Train

Holland's failure to train and other related § 1983 claims also fail to survive summary judgment. The United States Supreme Court has held that a municipality may be held liable under § 1983 for constitutional violations arising from a failure to train, *see, e.g., City of Canton v. Harris*, 489 U.S. 378, 387 (1989), but it is only "when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell*, 436 U.S. at 694. To establish liability under § 1983, "a plaintiff . . . must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

As set forth above, Holland has failed to raise any issue of material fact that he suffered a constitutional deprivation. Because there is no underlying constitutional deprivation, the Court need not reach the *Monell* issues related to the liability of the Gary Defendants for the alleged constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Sallenger v.*

*City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). The Gary Defendants are entitled to on Holland's *Monell* claims in paragraphs 27, 28, 29, and 30 of the Complaint.

### E.     Abuse of Process and Intentional Infliction of Emotional Distress

Holland has also asserted claims for abuse of process and intentional infliction of emotional distress against the Gary Defendants. Under Indiana law, "[t]he elements of abuse of process are 1) an ulterior purpose, and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Lindsay v. Jenkins*, 574 N.E.2d 324, 326 (Ind. Ct. App. 1991) (citing *Groen v. Elkins*, 551 N.E.2d 876, 878 (Ind. Ct. App. 1990); *see also Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457 (7th Cir. 2009). Success in "an action for abuse of process 'does not require proof that the action was brought without probable cause or that the action would have terminated in favor of the party asserting abuse of process.'" *Lindsay*, 574 N.E.2d at 326 (quoting *Central Nat'l Bank v. Shoup*, 501 N.E.2d 1090, 1095 (Ind. Ct. App. 1986)) (other citations omitted).

The Gary Defendants do not include any arguments regarding the abuse of process claim, and since it is not barred by the existence of probable cause, summary judgment is inappropriate on this claim at this time. Similarly, the Gary Defendants make no argument regarding a possible grant of summary judgment on Holland's claim for intentional infliction of emotional distress, so summary judgment will likewise not be granted on that claim.

### CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion for Summary Judgment by All Gary Defendants [DE 135]. Plaintiff Holland's claims of battery, false arrest, and false imprisonment; failure to investigate; lack of due process in arrest and

seizure; denial of prompt initial hearing; denial of public hearing; denial of speedy trial by jury; denial of the right to counsel; denial of hearing on bail; cruel and unusual punishment; denial of discovery; denial of freedom of speech; malicious prosecution; and inadequate training or supervision alleged in Count I against the City of Gary, Mayor Rudy Clay, City of Gary Chief of Police, Officer Johnny Gill, and Officer Williams are **DISMISSED** . Plaintiff Holland's claims for abuse of process and intentional infliction of emotional distress **REMAIN PENDING**.

So ORDERED this 27th day of December, 2011.

s/ Paul R. Cherry

MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*