UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, ) | |
|     Plaintiff, ) | |
| ) | CAUSE NO.: 2:10-CV-454-PRC |
| v. ) | |
| ) | |
| THE CITY OF GARY, *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Request for Leave of Court to Amend Complaint [DE 252], filed by Plaintiff on March 22, 2012.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

All the parties filed answers to the Complaint by January 2, 2011, and discovery commenced. A Rule 16 Preliminary Pretrial Conference was held by this Court on February 17, 2011, at which the Court set a deadline of March 15, 2011, for Plaintiff to file a motion for leave to amend pleadings.

On March 15, 2011, Plaintiff filed a First Amended Complaint [DE 51] without leave of Court. He did not file a Motion to Amend until March 21, 2011. Defendants filed Motions to Strike on March 17 and 22, 2011, requesting that the Court strike Plaintiff's Amended Complaint. On April 20, 2011, the Court issued an Opinion and Order denying the Motion to Amend and striking the proposed Amended Complaint.

On May 9, 2011, Plaintiff filed a second Request for Leave of Court to Amend Complaint, and he filed an Amended Request for Leave of Court to Amend Complaint on May 20, 2011. On July 29, 2011, the Court issued an Order again denying Plaintiff's Motions to Amend the Complaint [DE 120].

On August 3, 2011, Plaintiff filed a motion for the Court to reconsider its denial of his Motion to Amend. On August 18, 2011, the Court issued an Order denying the Motion to reconsider and an accompanying Request for the Court to Issue Findings of Fact and Conclusions of Law [DE 134] and imposing a fine of $100.00 for the filing of duplicitous and frivolous motions.

On September 27, 2011, Plaintiff filed a third Request for Leave of Court to Amend Complaint. On October 27, 2011, the Court issued an Order again denying Plaintiff's Motions [DE 186] and imposing a fine of $100.00 for the filing of duplicitous and frivolous motions.

In the instant Motion to Amend, Plaintiff again requests that the Court grant leave for Plaintiff to amend the Complaint. He seeks to "notify the court and the parties of additional defendants, additional claims, an additional theory of liability and additional changes that are needed to properly address all the claims and to cure technical deficiencies in the complaint and in the interest of justice." The fourth proposed Amended Complaint increases the number of pages from 23 to almost 200, increases the number of counts from two to 37, and increases the number of defendants to almost 60.

## ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course.
> A party may amend its pleading once as a matter of course within:

2

>       (A) 21 days after serving it, or
>       (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>    (2) Other Amendments.
>    In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, because the time for Plaintiff to amend his pleading as a matter of course has expired and the opposing parties have not given consent, Plaintiff must seek leave of Court. If the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg.* Co., 477 F.3d 910, 923 (7th Cir. 2007); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

In the Preliminary Pretrial Conference held on February 17, 2011, the Court set the deadline of March 15, 2011, for Plaintiff to file a motion for leave to amend pleadings. Plaintiff claims that

his financial hardship and inexperience litigating in the federal courts kept him from meeting the deadlines, although he does not explain why he was unable to request an extension of the deadline and did not file a request for an extension even after the need was pointed out to him, despite his ability to file numerous other motions. Although Plaintiff is proceeding *pro se*, he has practiced law in this area of the state as an assistant city attorney, a deputy prosecutor, and a private criminal defense attorney, and even *pro se* litigants are required to abide by the Court's procedural rules. Compl. ¶ 3; *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Plaintiff requests leave to amend his complaint on the grounds that the amendment would cure technical difficulties, including spelling errors and specifically identifying as parties individuals whose behavior had been described in the previous draft of the Complaint. In addition, he notes that the proposed Amended Complaint adds a number of new claims and provides alternate legal bases for relief. However, Plaintiff has not addressed many of the problems with his numerous prior proposed Amended Complaints, and has added new ones. There are numerous claims beyond the scope of any conceivable statute of limitations; the addition of many new claims, many of which appear to be unrelated to the original claims; the addition of new defendants, many of whom have not been on constructive notice of the action and others of whom are the inclusion of new claims against parties in their individual capacity in addition to their official capacity without any indication of the legal basis for those claims; the addition of defendants who are deceased; and the addition of claims and parties that would be barred by immunity, among other difficulties.

Although Plaintiff does appear to have connected the named parties to the charges against them and has included a table of contents, like the previously proposed Amended Complaints, this proposed Amended Complaint is voluminous and sprawling, containing numerous claims and

4

defendants without any apparent connection to the original Complaint. As with Plaintiff's previous proposed Amended Complaints, allowance of this Amended Complaint will cause delay in the case by forcing the Court and the Defendants to weed through an almost two hundred page document detailing more than twenty years of occurrences to determine what, if any, claims are being asserted that survive the relevant statutes of limitations and other procedural shortcomings in the pleadings.

As with the all of the prior proposed Amended Complaints, it is apparent that at least a significant portion of this proposed Amended Complaint would be futile. An attempt by the Court or the Defendants to parse the voluminous narrative to determine which, if any, claims could survive would cause undue delay and is not in the interests of justice or judicial economy. Rather than allowing the case to proceed on the merits, as Rule 15 intends, granting the Motion to Amend would introduce technical deficiencies, delay, confusion, and the potential for prejudice into these proceedings.

The Court finds that monetary sanctions are appropriate for the continued filing of duplicitous and frivolous motions. Accordingly, the Court will order a fine of $200.00, and again warns Plaintiff that continued filing of duplicitous and frivolous motions or other documents with the Court in contradiction of repeated court orders may result in dismissal of his case.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Request for Leave of Court to Amend Complaint [DE 252]. The Court **ORDERS** Plaintiff to pay a fine in the amount of $200.00 to the Clerk of Court within thirty days of the date of this Order. Plaintiff is again **CAUTIONED** that continued filing of frivolous motions or other documents with the Court will be viewed with displeasure and may result in the imposition of more significant monetary sanctions, including any

5

attorneys' fees incurred in responding, and dismissal of the case.

So ORDERED this 29th day of March, 2012.

s/ Paul R. Cherry<br>MAGISTRATE JUDGE PAUL R. CHERRY<br>UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*