UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ROBERT HOLLAND, | ) |
| :-- | :-- |
| Plaintiff, | ) |
| | ) CAUSE NO.: 2:10-CV-454-JD-PRC |
| v. | ) |
| | ) |
| THE CITY OF GARY, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Correct Errors and Relief from the Order of the Court [DE 206] and The Plaintiff's Third Request for Monetary Sanctions Against the City of Gary Defendants for the Frivolous Filing of the Motion for Summary Judgment [DE 208], both filed by Plaintiff, *pro se*, on January 5, 2012. Plaintiff seeks reconsideration of the Court's December 27, 2011, Order granting partial summary judgment to Defendants on some of the claims in his Complaint. Defendants the City of Gary, City of Gary Chief of Police, Rudy Clay, Johnny Gill, and Tremell Williamson (the "Gary Defendants") filed a response on January 12, 2012. On January 6, 2012, Plaintiff filed a Notice of Correction [DE 210] seeking to add information and argument to his Motion, and on January 19, 2012, Plaintiff filed a reply in support of his Motion.

### BACKGROUND

The Plaintiff, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

On August 26, 2011, the Gary Defendants filed a Motion for Summary Judgment. On September 29, 2011, Holland filed a response, and the Gary Defendants filed a reply on October 14, 2011. The Court ordered supplemental briefing that was filed by the Gary Defendants on November

28, 2011, and by Holland on December 12, 2011. On December 27, 2011, the Court issued an Opinion and Order granting in part the Gary Defendants' Motion for Summary Judgment. It granted judgment in favor of the Gary Defendants on Plaintiff Holland's claims of battery, false arrest, and false imprisonment; failure to investigate; lack of due process in arrest and seizure; denial of prompt initial hearing; denial of public hearing; denial of speedy trial by jury; denial of the right to counsel; denial of hearing on bail; cruel and unusual punishment; denial of discovery; denial of freedom of speech; malicious prosecution; and inadequate training or supervision alleged in Count I against the City of Gary, Mayor Rudy Clay, City of Gary Chief of Police, Officer Johnny Gill, and Officer Williams, but left Plaintiff Holland's claims for abuse of process and intentional infliction of emotional distress pending against the Gary Defendants.

## ANALYSIS

**A.   Motion to Reconsider**

Holland specifies that he is moving for relief under Federal Rules of Civil Procedure 1 and 60(B). Rule 1 sets out the scope of the Federal Rules and does not provide grounds for relief. As the Gary Defendants point out, Plaintiff's reliance on Rule 60 in this matter is improper as Rule 60 only applies to *final* orders. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (Rule 60(b) "by its terms [is] limited to 'final' judgments or orders[ and] is inapplicable to interlocutory orders"); Fed. R. Civ. P. 60, Advisory Committee Notes on 1946 Amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). "Generally, if an action

involves either multiple parties or one party with multiple claims, the dismissal of some but not all of the parties or claims is not immediately appealable; the parties or claims that still exist prevent the order from being 'final.'" *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011) (citing *United States v. Ettrick Wood Prods., Inc*., 916 F.2d 1211, 1216-17 (7th Cir. 1990); Fed.R.Civ.P. Rule 54(b)).

Reconsideration of an interlocutory order, such as the opinion and order at issue here, is a matter of a district court's inherent power and is committed to a court's sound discretion. *Cima v. Wellpoint Health Networks, Inc*., 250 F.R.D. 374, 386 (S.D. Ill. 2008). The Seventh Circuit has cautioned that "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (A motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."); *In re Oil Spill by "Amoco Cadiz"*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (same). Accordingly, a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d

3

1264, 1269-70 (7th Cir. 1996).

In his Motion, Holland includes numerous allegations of "fraudulent" and "purposeful" misrepresentations by counsel for the Gary Defendants. However, he does not lay out any newly-discovered evidence that would change the grant of partial summary judgment. Holland's Motion merely rehashes legal theories and arguments already rejected by the Court or adds new theories and arguments that should have been advanced in his original response to the Motion for Summary Judgment. There has been no significant change in either the facts or the law since the Court's prior Order and the Motion to Reconsider will therefore be denied.

**B.     Request for Sanctions**

Holland's Motion for Sanctions is premised on the argument that the Gary Defendants' Motion for Summary Judgement was frivolous and made in bad faith. As the Court does not now disturb its Opinion and Order granting in part the Motion for Summary Judgment, sanctions or the payment of expenses incurred in the making of the Motion are inappropriate.

**CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** the Motion to Correct Errors and Relief from the Order of the Court [DE 206] and **DENIES** The Plaintiff's Third Request for Monetary Sanctions Against the City of Gary Defendants for the Frivolous Filing of the Motion for Summary Judgment [DE 208].

SO ORDERED this 4th day of April, 2012.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, *pro se*

4