UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROBERT HOLLAND,            )
    Plaintiff,             )
                           )  CAUSE NO.: 2:10-CV-454-PRC
    v.                     )
                           )
THE CITY OF GARY, *et al.*,)
    Defendants.            )

## OPINION AND ORDER

This matter is before the Court on:

(1) a Renewal of the Request for Discovery Sanctions Pursuant to Federal Rule 37 [DE 207], filed by Plaintiff Holland on January 5, 2011;

(2) Plaintiff Robert Holland's Request for an Order of the Court Compelling a Trial Rule 31 Deposition of a Witness Upon Written Questions [DE 221], filed by Plaintiff Holland on January 23, 2011;

(3) a Request for Oral Argument Before the Court Regarding Discovery [DE 223], filed by Plaintiff Holland on January 23, 2011;

(4) a Motion to Compel and Request for Sanctions Against the Lake County Sheriff and the Warden of the Lake County Jail for Failure to Cooperate in Discovery [DE 224], filed by Plaintiff Holland on January 23, 2012;

(5) a Motion to Compel and Request for Sanctions Against the City of Gary Defendants for Failure to Cooperate in Discovery [DE 225], filed by Plaintiff Holland on January 23, 2012;

(6) a Request for an Extension of the Discovery Deadline [DE 246], filed by Plaintiff Holland on March 6, 2012;

(7) a Motion to Compel [DE 247], filed by Plaintiff Holland on March 6, 2012;

(8) a Motion to Strike the Motion for Summary Judgment Filed by the City of Gary Defendants [DE 249], filed by Plaintiff Holland on March 6, 2012;

(9) a Request for Oral Argument [DE 250], filed by Plaintiff Holland on March 6, 2012; and

(10) Gary Defendants' Motion to Strike [DE 251], filed by the Gary Defendants on March 12, 2012.

**BACKGROUND**

Plaintiff Holland, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

On December 27, 2011, the Court entered an Order granting in part the Motion for Summary Judgment filed by Defendants the City of Gary, City of Gary Chief of Police, Rudy Clay, Johnny Gill, and Tremell Williamson (the "Gary Defendants"), leaving only two claims pending against the Gary Defendants: abuse of process and intentional infliction of emotional distress.

Also on December 27, 2011, the Court entered an Order denying several of Plaintiff Holland's Motions to Compel Discovery and Requests for Sanctions against Defendants. The Court ordered Plaintiff Holland to serve the Gary Defendants with a list identifying which of the already-served interrogatories, requests for production, and requests for admission address the two remaining claims by January 16, 2012, and gave the Gary Defendants a deadline of January 31, 2012, to correct any errors or omissions in their responses to those requests. Holland was granted leave to file a single Motion to Compel addressing any of the individual requests that he deemed inadequate by

February 20, 2012.

On January 5, 2012, before any additional discovery requests or responses had been made, Plaintiff Holland filed a Renewal of the Request for Discovery Sanctions. Defendant Lake County Board of Commissioners filed a response on January 11, 2012, Defendants Warden of Lake County Jail and Defendant Lake County Sheriff Dominguez (the "Lake County Defendants") responded on January 20, 2012, and the Gary Defendants moved to strike this Motion on March 12, 2012.

On January 17, 2012, Plaintiff Holland filed a List Identifying Discovery from the Defendants. On January 23, 2012, before the deadline given by the Court for the Gary Defendants to correct their discovery responses, Plaintiff Holland filed a Motion to Compel and Request for Sanctions Against the City of Gary Defendants for Failure to Cooperate in Discovery. On January 24, 2012, the Gary Defendants filed Objections to Plaintiff's List Identifying Discovery.

On January 23, 2012, before filing any additional discovery requests or new objections to any of the Lake County Defendants' discovery responses, Plaintiff Holland filed a Motion to Compel a Deposition by Written Questions and a Motion to Compel and Request for Sanctions Against the Lake County Sheriff and the Warden of the Lake County Jail for Failure to Cooperate in Discovery. On February 7, 2012, the Lake County Defendants filed a response to the Motions, and Plaintiff Holland filed a reply on February 15, 2012.

Also on January 23, 2012, Plaintiff Holland filed a Motion for Oral Argument Regarding Discovery. On March 6, 2012, he filed another Motion for Extension of Discovery and Motion for Oral Argument, as well as an additional Motion to Compel directed against the Lake County Defendants and the Gary Defendants.

On March 1, 2012, the Gary Defendants filed a Second Motion for Summary Judgment. On

March 6, 2012, Plaintiff Holland filed a document entitled Motion to Strike the Motion for Summary Judgment filed by the City of Gary Defendants.

On March 12, 2012, the Gary Defendants filed a Motion to Strike addressing a number of the Motions and documents filed by Plaintiff Holland. Plaintiff Holland filed a response on March 22, 2012.

## ANALYSIS

**A.     Motions to Strike: Compliance with Local Rules**

The Gary Defendants move to strike a number of Plaintiff Holland's filings, citing numerous deficiencies in the pleadings.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Motion to Strike must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

The Gary Defendants request that the Court strike a number of documents filed by Plaintiff Holland, citing numerous deficiencies in the pleadings. Plaintiff Holland requests that the Motion to Strike itself be stricken under Rule 12(f), claiming that the Motion is harassment and was filed prematurely. The Motion to Strike was not filed prematurely. Rather, as discussed below, it was filed too late with respect to several of the documents it seeks to have stricken. Nor does the Motion appear to be intended as harassment, as the Gary Defendants include argument as to why it believes each document should be stricken and, as described below, at least some of its arguments have merit.

Plaintiff Holland also argues that the Motion to Strike violates the Local Rules. The Local

Rule he refers to provides that "[m]otions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption." N.D. Ind. L.R. 7-1(a). The Gary Defendants seek to have multiple documents stricken, but that is a single type of relief. Paragraph 10 of the Gary Defendants' Motion, along with its sub-paragraphs, appears to be arguments set forth as a reply in support of their Motion for Summary Judgment, and will therefore be disregarded by the Court.

Plaintiff Holland's document fails to comply with Local Rule 7-1, as the document is titled "response" rather than "motion" but includes requests that the Court strike the Gary Defendants' Motion and set the case for oral argument. Much of the argument appears to be related to the Motion for Summary Judgment or even an attempt to add new claims or allegations, rather than a response to the Motion to Strike. Although they are entitled to some procedural protections, including liberal construal of documents, even *pro se* parties must comply with procedural rules. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998).

The Court declines to strike either the Gary Defendants' Motion to Strike or Plaintiff Holland's Response for failure to comply with Local Rule 7-1. The Court will disregard the portion of the Gary Defendants' Motion to Strike that is not part of their arguments that the Court should strike Plaintiff Holland's documents, and will construe much of Plaintiff Holland's response to be a response to the Gary Defendants' Motion for Summary Judgment, as described below. Furthermore, as there is enough information for the Court to rule on the motions, the Court declines to schedule this matter for oral argument as requested by Plaintiff Holland.

The Court will address each of the pending Motions described above. To the extent that it is subject to the Gary Defendants' Motion to Strike, the Court will first determine whether the

document should be stricken then, as appropriate, the merits of each Motion.

B.  **Discovery Dispute between Plaintiff Holland and the Gary Defendants Arising from the Court's Order of December 27, 2011**

In its Order of December 27, 2011 [DE 202], the Court found that its grant of summary judgment in favor of the Gary Defendants on many of Plaintiff Holland's claims against the Gary Defendants meant that many of his interrogatories and requests for production from these defendants were now moot. The Court ordered Plaintiff Holland to provide a list of the discovery requests already made that were tailored to obtain information about the two remaining claims: abuse of process and intentional infliction of emotional distress. Although he titled the document "List Identifying Discovery," his request was for *all* of the discovery he had already requested and also included additional new requests [DE 213]. The Gary Defendants filed objections to Plaintiff's List and request that the Court not require them to respond to the additional discovery requests [DE 228]. Plaintiff Holland did not file any response to the Gary Defendants' objections and has continued to file additional Motions to Compel directed at the Gary Defendants.

Plaintiff Holland's first Motion to Compel [DE 225] was filed before the Gary Defendants had filed any response to Plaintiff Holland's List Identifying Discovery and before the deadline given by the Court for the Gary Defendants to respond to that List. The Motion therefore cannot address any new discovery responses and only rehashes arguments made by Plaintiff Holland in the Motion to Compel that the Court denied in its Order of December 27, 2011. Accordingly, this Motion is duplicative and frivolous, and is hereby denied.

Furthermore, as Plaintiff Holland has not complied with the Court's Order to provide a list identifying specific discovery requests relating to his claims for abuse of process and intentional

6

infliction of emotional distress, the Court grants the Gary Defendants the relief requested in their Objections to Plaintiff Holland's "List Identifying Discovery from Defendants" and relieves the Gary Defendants of the need to respond to any of the additional discovery requests identified in Plaintiff Holland's List.

**C.  The Gary Defendants' Motion to Strike: Untimely**

    1.    <u>Renewal of the Request for Discovery Sanctions Pursuant to Federal Rule 37</u> [DE 207]

This Motion was filed on January 5, 2012, so a motion to strike it should have been filed before the response date of January 23, 2012, per the Local Rule requirement that "[a] party must file any response brief to a motion within 14 days after the motion was served," N.D. Ind. L.R. 7-1(d)(2)(A), and the additional three days added to a response period by Federal Rule of Civil Procedure 6(d). The Gary Defendants' Motion to Strike, filed March 12, 2012, is therefore untimely as to this document. The merits of Plaintiff Holland's Motion are addressed below.

    2.    <u>Third Request for Monetary Sanctions Against the City of Gary Defendants for the Frivolous Filing of the Motion for Summary Judgment</u> [DE 208]

The Gary Defendants' Motion to Strike is untimely as to this document. The request has already been denied by the Court by separate Order, so the merits need not be addressed here.

    3.    <u>Local Rule 37.1 Certification</u> [DE 209]

The Gary Defendants' Motion to Strike is also untimely as to this document. The Gary Defendants seek to have this document stricken because Plaintiff Holland did not confer with counsel for the Gary Defendants about discovery issues after the Court's denial of his Motion to Compel on December 27, 2011. The Court expresses its disapproval at any attempt by a party to file

inaccurate or misleading information with the Court, but also notes that Local Rule 37-1 exempts "those motions brought by or against a person appearing pro se" from the requirement to file a "certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1.

    4.    <u>Motion to Compel and Request for Sanctions Against the City of Gary Defendants for Failure to Cooperate in Discovery</u> [DE 225]

The Motion to Strike is untimely as to this Motion. The merits of this Motion were addressed above.

**D.    Motions to Compel: Lake County Defendants**

    1.    <u>Deposition by Written Questions</u> [DE 221]

Plaintiff Holland requests that the Court compel Sergeant Montgomery to respond to a Rule 31 Deposition by Written Questions. Defendant Lake County Sheriff Dominguez contends that the Rule 31 notice is defective and that there are no grounds to enforce it.

Federal Rule of Civil Procedure 31 governs depositions by written questions. It provides that the person wishing to conduct the deposition must include "a notice stating, if known, the deponent's name and address. . . . The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken." Fed. R. Civ. P. 31(a)(3). Rule 28 defines the "officer" designated to take the deposition, and precludes a party's attorney from serving as an officer. Fed. R. Civ. P. 28(c). Plaintiff Holland identified counsel for Lake County Sheriff Roy Dominguez as the officer. Since he is a party's attorney, he is disqualified from serving as an officer under Rule 31.

8

Furthermore, Defendant Dominguez argues, Plaintiff Holland has made no provision for the costs related to the proposed deposition. In his reply, Plaintiff Holland agrees that he has not made any provisions for payment regarding the requested deposition by written questions. The "court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)." *Smith v. Campagna*, No. 94 C 7628, 1996 U.S. Dist. LEXIS 9055, at *2-3 (N.D. Ill. June 25, 1996) (listing cases); *see also McCoy v. City of Fort Wayne*, No. 1:11-CV-18, 2011 U.S. Dist. LEXIS 127541, *2-3 (N.D. Ind. Nov. 3, 2011) (same).

Accordingly, the Court finds that Plaintiff Holland's Notice does not comply with the applicable requirements and denies his request to compel compliance with it.

2. <u>Motion to Compel and Request for Sanctions</u> [DE 224]

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nevertheless, the Federal Rules require a court to

> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving

the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Rule 37(a) allows a party to move for an order compelling discovery, including an order compelling an answer or inspection. *See* Fed. R. Civ. P. 37(a)(3)(B). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Plaintiff Holland requests that the Court compel the Lake County Defendants to provide documents that they have informed him they do not have. He lists ten specific requests for production and argues that the Lake County Defendants' objections to the requests were false, misleading, and/or evasive. Plaintiff Holland also requests that the Court assist him in obtaining a time to gain access to all of the Lake County Defendants' employee records so that he can review them.

The Lake County Defendants' responses to the ten specific requests Plaintiff identifies either provide documents or indicate that they do not have the requested documents in their possession. Plaintiff Holland argues that the Lake County Defendants' objection that they do not have many of the documents he requested is false, and he requests oral argument on the issue of whether or not the Lake County Defendants have the documents.

"A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this

10

assertion." *Id*. (quotation and citations omitted). As with his previous Motion to Compel, Plaintiff has made no showing that the Lake County Defendants do, in fact, have in their possession any documents they claim not to have, and he does not set forth any indication that he would have additional evidence or argument if the Court were to set this Motion for a hearing. Plaintiff Holland has set forth no new information to indicate that the Lake County Defendants have not participated in discovery. The Lake County Defendants have provided a large volume of responsive documents to Plaintiff Holland, but he now requests the extraordinary step of access to all of Lake County's employee records. He has certainly made no showing that such broad access is "reasonably calculated to lead to the discovery of admissible evidence" that is relevant to his case, as required by Federal Rule of Civil Procedure 26(b)(1).

Accordingly, the Court denies Plaintiff Holland's Motion to Compel and for Sanctions. Because there is enough information for the Court to rule on the Motion, the Court declines to schedule this matter for oral argument

**E.     Other Discovery Issues**

   1.     Motion to Compel [DE 247]

The Gary Defendants argue that this Motion to Compel is untimely, as the Court ordered that any Motions to Compel directed at the Gary Defendants be filed on or before February 20, 2012. The Gary Defendants also argue that the Motion fails to specifically address the response that he deemed inadequate and that Plaintiff Holland did not attempt to confer with counsel for the Gary Defendants before filing the Motion.

Plaintiff Holland's Motion to Compel is directed at both the Gary Defendants and Defendant Dominguez and alleges that interrogatories and requests for production were sent to the Gary

Defendants and that requests for production were sent to Defendant Dominguez, but that none of the requests were responded to.

The docket does not reflect that any requests for production or interrogatories were made to the Gary Defendants after the date on which Plaintiff Holland's previous Motion to Compel was denied, other than the "List Identifying Discovery" addressed above. As required by the Local Rules and noted by the Court in numerous Orders in this case, all discovery materials are to be filed in this case, as it involves a *pro se* party. N.D. Ind. L.R. 26-2(a)(2)(A). The Motion does not identify what requests Plaintiff Holland believes were not responded to or the date the requests were made, leaving the Court unable to determine what requests Plaintiff Holland is referring to or to ascertain whether they have been adequately responded to. Therefore, the Motion to Compel is denied as to the Gary Defendants.

The docket does reflect that Plaintiff Holland made a request for production of documents of Defendant Dominguez on January 23, 2012 [DE 226]. No response to this request is apparent on the docket, and Defendant Dominguez has not responded to this Motion to Compel. Accordingly, the Court grants the Motion as to Defendant Dominguez, and Defendant Dominguez is ordered to respond to the request for production of documents on or before April 27, 2012. Defendant Dominguez is reminded that Local Rule 26-2 requires that "[a]ll discovery material in cases involving a pro se party must be filed." N.D. Ind. L.R. 26-2(a)(2)(A). Because there is sufficient information in the documents to rule on the Motion, the Court declines to set the Motion for oral argument as requested by Plaintiff Holland.

2. <u>Renewal of the Request for Discovery Sanctions Pursuant to Federal Rule 37</u> [DE 207]

Plaintiff Holland filed the instant Motion for Sanctions on January 5, 2012, approximately a week after the Court issued its Order denying his Motion to Compel and for Sanctions. The Motion does not address any new discovery requests or responses and only rehashes arguments made by Plaintiff Holland in the Motion to Compel that the Court denied in its Order of December 27, 2011. Accordingly, this Motion is duplicative and frivolous, and is hereby denied.

3. <u>Request for an Extension of the Discovery Deadline</u> [DE 246]

Plaintiff Holland filed a Request for an Extension of the Discovery Deadline on March 6, 2012, several days after the expiration of the March 1, 2012, discovery deadline. The Gary Defendants request that the Court strike the document as untimely, lacking in merit, and because Plaintiff Holland failed to confer with counsel for the Gary Defendants about discovery before filing the Motion.

Plaintiff Holland requests additional discovery information, including a time for him to review the Defendants' employee records. Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). It is not apparent to the Court how Plaintiff Holland's request to review all of the employee records for the Gary Defendants and Defendant Dominguez is reasonably calculated to lead to the discovery of admissible evidence, as it is certainly an over-broad request more akin to a fishing expedition. Accordingly, the request is denied to that extent. However, Plaintiff Holland's

13

Motions to Compel were not ruled on before the close of discovery and were granted in part, as described above. Accordingly, the Court will grant in part his request for an extension of the discovery deadline, but for a very limited purpose only:

After receipt of the outstanding discovery responses from Defendant Dominguez on or before April 27, 2012, and before May 11, 2012, Plaintiff Holland may file a single document regarding discovery. It is to contain specific discovery requests that he claims have not been adequately responded to and, along with each request: (1) the date the request was originally made; (2) Defendants' response(s) to the request; and (3) if there is an objection to Defendants' responses, what the objection is and when and how that objection was originally communicated to Defendants. For any discovery requests made of the Gary Defendants, Plaintiff Holland must also indicate which of the two remaining claims, abuse of process or intentional infliction of emotional distress, the request is directed toward.

4. <u>Request for Oral Argument Before the Court Regarding Discovery [DE 223] and Request for Oral Argument</u> [DE 250]

Plaintiff Holland requests that the Court hold a hearing on discovery. All of the argument in these two Motions is repetitive of other arguments already addressed by the Court. Plaintiff Holland does not refer to any additional information or evidence not included in the other Motions that would require oral argument. As there was enough information in the other Motions for the Court to rule on them, the Court declines to schedule this matter for a hearing on discovery. To the extent that the Request also seeks an extension of the discovery deadline in this case, the Court has addressed that request, as formulated in Plaintiff Holland's separate Request for an Extension of the Discovery Deadline [DE 246], above.

## F. Motions Related to the Pending Motion for Summary Judgment

### 1. Motion to Strike the Motion for Summary Judgment Filed by the City of Gary Defendants [DE 249]

The Gary Defendants argue that Plaintiff Holland's Motion to Strike is unclear and does not comply with the requirements of a motion to strike. The document includes reference to the standard for summary judgment and analysis of the Gary Defendants' Motion for Summary Judgment. However, because Plaintiff Holland is *pro se*, his pleadings will be construed liberally.

The document includes argument that the Gary Defendants' Motion for Summary Judgment is premature because Plaintiff Holland has not received adequate time for discovery. It does not, however, meet the requirements of a Motion under Federal Rule of Civil Procedure 56(d), because it does not "show[] by affidavit or declaration that, for specified reasons, [the plaintiff] cannot present facts essential to justify [his] opposition" to the Motion for Summary Judgment. "Rule 56(d) 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious,'" but the party invoking it, even a *pro se* party, must show "'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Yuan Xie v. Hospira, Inc.*, No. 10 C 6777, 2011 WL 1575530, at *2, 2011 U.S. Dist. LEXIS 45215, at *4-5 (N.D. Ill. Apr. 27, 2011) (quoting *Lamb's Patio Theatre v. Universal Film Exch.*, 582 F.2d 1068, 1071 (7th Cir. 1978)) (other citations omitted). Plaintiff Holland must set forth specific evidence that he might obtain from further discovery that would create a genuine issue as to a specific material fact. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005). That he does not do, so to the extent the Motion is intended as a Rule 56(d) Motion, it fails.

Plaintiff Holland titled the document a "Motion to Strike." To the extent that Plaintiff Holland intends for the document to be a motion to strike under Rule 12(f), the Rule provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff Holland does state that the Motion for Summary Judgment is made in bad faith and that it is not based on appropriate evidence, but does not include argument or evidence in support of those statements. Furthermore, the document includes a statement of the standard of review for a Motion for Summary Judgment and a section identifying genuine issues of material fact that Plaintiff Holland argues preclude summary judgment. Accordingly, the Court will construe the bulk of this document as the "Statement of Genuine Disputes" required by Local Rule 56-1(b) in response to a motion for summary judgment. N.D. Ind. L.R. 56-1(b)(2) ("The response brief or its appendix must include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary.").

    2.    <u>Deadlines for Second Motion for Summary Judgment by All Gary Defendants</u> [DE 244]

As noted above, Plaintiff Holland included arguments about the Gary Defendants' Motion for Summary Judgment in his Motion to Strike the Motion for Summary Judgment Filed by the City of Gary Defendants [DE 249] and his Response to the Motion to Strike Filed by the City of Gary Defendants [DE 255]. The deadline for Plaintiff Holland to file a response to the Motion for Summary Judgment has passed. Because of the need to construe *pro se* documents liberally, the Court will construe (1) the sections of Plaintiff Holland's Response to the Motion to Strike [DE 255] dealing with the merits of the Motion for Summary Judgment as his response to the Motion for

Summary Judgment and (2) the section of the Motion to Strike [DE 249] identifying disputes of fact as the Local Rule 56-1(b)(2) appendix identifying the material facts that Plaintiff Holland contends are genuinely disputed.

As described above, because the Gary Defendants are not proceeding *pro se*, the Court will disregard all arguments about the Motion for Summary Judgment included in their Motion to Strike. The Gary Defendants must file a reply in support of their Second Motion for Summary Judgment on or before May 3, 2012.

## CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **DENIES** the Renewal of the Request for Discovery Sanctions Pursuant to Federal Rule 37 [DE 207];

(2) **DENIES** Plaintiff Robert Holland's Request for an Order of the Court Compelling a Trial Rule 31 Deposition of a Witness Upon Written Questions [DE 221];

(3) **DENIES** the Request for Oral Argument Before the Court Regarding Discovery [DE 223];

(4) **DENIES** the Motion to Compel and Request for Sanctions Against the Lake County Sheriff and the Warden of the Lake County Jail for Failure to Cooperate in Discovery [DE 224];

(5) **DENIES** the Motion to Compel and Request for Sanctions Against the City of Gary Defendants for Failure to Cooperate in Discovery [DE 225] and **ORDERS** that the Defendants are relieved of the need to respond to the additional discovery requests identified in Plaintiff Holland's List Identifying Discovery from the Defendants [DE

213];

(6) **GRANTS in part and DENIES in part** the Request for an Extension of the Discovery Deadline [DE 246]:

    (a) The Court **ORDERS** that the discovery deadline is hereby extended to **May 28, 2012**, for the following limited purposes:

    (b) Plaintiff Holland may file a single document regarding discovery after receipt of the outstanding discovery responses from Defendant Dominguez and before **May 11, 2012**, containing specific discovery requests that have not been adequately responded to and, along with each request:

        (i) the date the request was originally made;

        (ii) Defendants' responses to the request;

        (iii) if there is an objection to Defendants' responses, what the objection is and when and how that objection was originally communicated to Defendants; and

        (iv) for any discovery alleged to be outstanding from the Gary Defendants, Plaintiff Holland must also indicate which of the two remaining claims, abuse of process or intentional infliction of emotional distress, the request is directed toward;

    (c) Defendants must respond to Plaintiff Holland's document identifying outstanding discovery on or before **May 21, 2012**, and Plaintiff Holland must file his reply, if any, on or before **May 28, 2012**;

(7) **GRANTS in part and DENIES in part** the Motion to Compel [DE 247] and

**ORDERS** that:

(a) the Motion is **DENIED** as to the Gary Defendants; and

(b) Defendant Dominguez must respond to Plaintiff Holland's 4th Request for Production [DE 226] by **April 27, 2012**;

(8) **DENIES** the Motion to Strike the Motion for Summary Judgment Filed by the City of Gary Defendants [DE 249] to the extent that it is intended as either a Motion to Strike or a Motion to Defer or Deny under Fed. R. Civ. P. 56(d) and **ORDERS** that the document be construed as a Statement of Genuine Disputes for the purpose of the pending Motion for Summary Judgment;

(9) **DENIES** the Request for Oral Argument [DE 250];

(10) **DENIES** the Gary Defendants' Motion to Strike [DE 251]; and

(11) **ORDERS** that the Response to the Motion to Strike Filed by the City of Gary Defendants [DE 255], beginning with Paragraph 6, be construed as Plaintiff Holland's Response to the Gary Defendants' Second Motion for Summary Judgment, and that the Gary Defendants must file a reply in support of their Second Motion for Summary Judgment on or before **May 3, 2012**.

SO ORDERED this 16th day of April, 2012.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, *pro se*