**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ROBERT HOLLAND, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF GARY, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 2:10-CV-454-JD-PRC |

## OPINION AND ORDER

This matter is before the Court on a Response to the Order of the Court Dated June 4, 2012 Regarding the Appointment of Counsel [DE 290], filed by Plaintiff Holland, *pro se*, on June 11, 2012. Plaintiff seeks reconsideration of the Court's June 4, 2012, Order denying Plaintiff's request for appointment of counsel.

## ANALYSIS

Reconsideration of an interlocutory order, such as the opinion and order at issue here, is a matter of a district court's inherent power and is committed to a court's sound discretion. *Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008). The Seventh Circuit has cautioned that "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (A motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise

and the motion to reconsider should be equally rare."); *In re Oil Spill by "Amoco Cadiz"*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (same). Accordingly, a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

In his document, Holland reargues information from multiple previous motions for appointment of counsel. As the Court has explained in multiple Orders regarding Holland's requests for appointment of attorney, there is no constitutional or statutory right to counsel in a civil case. *Farmer v. Haas*, 900 F.3d 319, 323 (7th Cir. 1993); *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). When considering a request for counsel by a civil litigant, the district court is to make the following inquiries: (1) whether the litigant has made a reasonable attempt to retain counsel; and if so, (2) given the difficulty of the case, whether the litigant appears competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc) (citing *Farmer*, 990 F.2d at 321-22). Holland's document does not lay out any new evidence or argument correcting any misunderstanding of the Court. As the Court has explained several times, *in forma pauperis* status alone does not entitle an individual to the appointment of counsel, nor is it an exceptional circumstance. Holland is not a prisoner unable to seek out counsel or conduct discovery on his own, nor does the case involve complicated medical records or complex evidentiary issues. He has not presented any argument that he is undergoing any medical or mental deterioration that makes him unable to participate in the suit. Although some of the legal issues may be complicated,

2

Plaintiff Holland himself has sought to add complexity to the suit by adding numerous additional defendants and claims. His performance in the case thus far has not demonstrated any inability to proceed diligently with his claims. There has been no significant change in either the facts or the law since the Court's multiple prior Orders and the Motion to Reconsider will therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the motion contained within the Response to the Order of the Court Dated June 4, 2012 Regarding the Appointment of Counsel [DE 290].

SO ORDERED this 21st day of December, 2012.

                                         s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, *pro se*