# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 2:10-CV-454-PRC |
| v. ) | |
| ) | |
| THE CITY OF GARY, *et al*., ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on:

(1) Defendant Lake County Board of Commissioners' Motion for Summary Judgment [DE 297], filed by Defendant Lake County Board of Commissioners on August 1, 2012;

(2) Motion for Summary Judgment by Sheriff Dominguez and Warden of the Lake County Jail [DE 299], filed by Defendants Sheriff Dominguez and the Warden of the Lake County Jail on August 1, 2012;

(3) Memorandum in Support of Summary Judgment and Daubert Motion [DE 302], filed by Plaintiff Holland on August 1, 2012;

(4) Motion to Strike [DE 307] filed by Plaintiff Holland on August 17, 2012; and

(5) Motion to Strike [DE 308] filed by Plaintiff Holland on August 17, 2012.

These motions are all fully briefed. Because there is sufficient information in the documents to rule on the pending Motions, the Court declines to set the Motions for oral argument as requested by Holland. For the following reasons, the Court enters judgment on behalf of the Lake County Defendants and against Plaintiff Holland.

**PROCEDURAL BACKGROUND**

Plaintiff Robert Holland, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities. It includes claims against the Lake County Board of Commissioners, Lake County Sheriff Dominguez, and Warden of the Lake County Jail (collectively, the "Lake County Defendants") for constitutional violations stemming from Holland's pretrial detention in the Lake County Jail in March, 2010.

On December 22, 2010, Lake County Sheriff Dominguez and the Warden of the Lake County Jail filed Answers. On January 3, 2011, the Lake County Board of Commissioners filed its Answer.

On December 27, 2011, the Court entered an Order granting in part the Motion for Summary Judgment filed by Defendants the City of Gary, City of Gary Chief of Police, Rudy Clay, Johnny Gill, and Tremell Williamson (the "Gary Defendants"), leaving only two claims pending against the Gary Defendants: abuse of process and intentional infliction of emotional distress. On December 6, 2012, the Court entered an Order granting the second Motion for Summary Judgment filed by the Gary Defendants, leaving the Lake County Defendants as the only remaining defendants in the case.

On August 1, 2012, Defendant Lake County Board of Commissioners filed its Motion for Summary Judgment, and on August 3, 2012, the Court served Plaintiff Holland a Notice to Pro Se Litigant setting forth the summary judgment standard as well as the obligations of a plaintiff in responding to a summary judgment motion. On August 17, 2012, Holland filed a combined response and Motion to Strike, and on August 31, 2012, the Board filed a reply brief.

On August 1, 2012, Defendants Sheriff Dominguez and Warden of the Lake County Jail filed

2

a Motion for Summary Judgment and served on Holland a Notice to Pro Se Litigant. On August 17, 2012, Holland filed a combined response and Motion to Strike, and on August 31, 2012, the Sheriff and Warden filed a reply brief.

On August 1, 2012, Holland filed a document entitled Memorandum in Support of Summary Judgment and Daubert Motion, construed by the Court as a Motion for Summary Judgment. On August 28, 2012, the Board filed a response. The Sheriff and Warden filed their response the same day. Also on August 28, 2012, Holland filed a document entitled Plaintiff Robert Holland's Rule 56 Designation of Materials Supplement. He did not file any reply briefs.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and

3

quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . " Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## FACTUAL BACKGROUND

On March 3, 2010, Holland was arrested by the City of Gary Police. He was taken to the Lake County Jail on March 4, 2010, and was detained there until March 20, 2010. Holland was classified as a "Trusty," an inmate considered non-violent and worthy of trust, and housed in a dormitory for inmates who had been granted Trusty privileges. The Trusty dormitory was separate from the general population of the jail and had its own shower room, restroom, and dining area. During the time that Holland was detained, the Lake County Sheriff's Department had a policy that every incoming inmate would be provided with clothing, personal care items including a

5

toothbrush, toothpaste, and eating utensil, linens, and a sanitized mattress. There were policies that established minimum training requirements for each officer, including the proper care and treatment of inmates' personal and medical needs, and the Lake County Sheriff's Department required all correctional officers to complete forty hours of refresher training every calendar year.

**ANALYSIS**

**A.     Discovery**

As a preliminary matter, the Court addresses a document filed by Plaintiff Holland addressing outstanding discovery disputes. In an Order addressing discovery disputes dated April 16, 2012, the Court ordered Defendant Dominguez to file with the Court, in accordance with Local Rule 26-2, discovery material responsive to Holland's request for production of documents. The Court further ordered Holland to filed a document, on or before May 11, 2012, containing specific discovery requests that he claimed had not been adequately responded to, along with the date of the request, the Defendants' response, and his objection, if any, to the response, as well as how that objection was originally communicated to Defendants. Holland did not file the requested document in the time allowed. On May 14, 2012, he filed a document titled Objection to the Defendants Response to Plaintiff's 4th Request for Production to Sheriff Roy Dominguez [DE 273]. It included a copy of Defendant Dominguez's specific responses and objections to Holland's discovery requests along with rote objections by Holland. The Court notes that this document does not comply with the Court's Order of April 16, 2012, in that it was untimely and does not included any indication of how the objection was originally communicated to Defendant Dominguez. Furthermore, Defendant Dominguez's responses to the request either identify the documents already produced or indicate that he does not have the requested documents. "A party need not produce documents or tangible

6

things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." *Id.* (quotation and citations omitted). As with his previous Motions to Compel, Holland has made no showing that Dominguez does, in fact, have in his possession any documents he claims not to have, and merely objects to each response with the same boilerplate language asserting his right to discovery. Accordingly, the Court takes no action on the document at [DE 273].

**B.    Motions for Summary Judgment**

Holland has brought this action under 42 U.S.C. § 1983, which provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del. Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 749 n. 9 (1999) (quotation omitted). A cause of action may be brought under § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show (1) that he "was deprived of a right secured by the Constitution or federal law," (2) and "by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

    1.    <u>Lake County Board of Commissioners</u>

Plaintiff Holland argues that a policy of Defendant Lake County Board of Commissioners

caused a deprivation of his rights, apparently through its supervision of the Lake County Jail. The Board argues that it has no control over the Lake County Sheriff or the Lake County Jail, and that because all of Holland's claims against the Board hang on its control over the Jail and Sheriff, they must fail.

In order to establish liability under § 1983, "a plaintiff . . . must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (it is only "when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983"). An Indiana county "has no authority over the Sheriff and his deputies and therefore cannot be blamed for any deficiency in the training or supervision of the defendant deputy sheriffs" in a § 1983 action. *Estate of Drayton v. Nelson*, 53 F.3d 165, 167-168 (7th Cir. 1994) (citations omitted); *see also Delk v. Bd. of Comm'rs*, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987) ("The county commissioners, and, accordingly, the county, does not have any control over the acts of the sheriff. . . . Hence, an agency relationship does not exist between the county and its commissioners and the sheriff.") Accordingly, even if Holland can establish that there was a constitutional violation caused by the Sheriff or the Jail, the Board bears no liability. Holland's Complaint seeks to hold the Board liable for the actions and/or inadequate supervision of its correctional officers, and therefore his claims against them cannot succeed.

2. <u>Lake County Sheriff Dominguez and Warden of the Lake County Jail</u>

Holland claims that it is the policy or custom of the Lake County Jail to violate the constitutional rights of inmates. In his Complaint and his summary judgment briefs, Holland complains that the conditions in the Lake County Jail were unsanitary, overcrowded, cold, and

8

noisy, that he received insufficient medical care, and that the clothing he received was insufficient to protect him from the cold. In his summary judgment briefs, Holland also asserts that he suffered two assaults by other detainees at the Lake County Jail. He also includes a claim for failure to train. The Sheriff and Warden argue that Holland has not put forth sufficient evidence in support of any of his claims.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell*, 436 U.S. at 694. To establish the liability of a municipality for the constitutional deprivation, a plaintiff must demonstrate:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006)).

In his brief, Holland asserts that he has "provided ample evidence of an unconstitutional policy or custom" but he does not describe the evidence, and the majority of the documents he has provided to the Court are completely irrelevant to his claim. He includes a number of documents that have nothing at all to do with the Lake County Sheriff's Department and are unrelated to the subject and time period of the complaint. He also includes some information about a settlement agreement between the Lake County Jail and the Civil Rights Division of the United States Department of Justice, including the reports of a December 2008 inspection of the Lake County Jail, a copy of the settlement agreement, and several newspaper articles about the Department of Justice

inspection and the settlement agreement. Although they do relate to the Lake County Jail, these documents are not admissible evidence demonstrating the existence of any unconstitutional policy: the newspaper articles are inadmissible evidence that the Court may not consider on a Motion for Summary Judgment, *Chi. Firefighters Local 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001) ("[t]he evidence consists of a newspaper article, which is inadmissible hearsay") (citing *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997)); the 2008 inspection occurred long before the events in the Complaint and therefore are not evidence of the state of the Jail in 2010; and the agreement with the Department of Justice specifically indicates that it is not an admission of any failure of the Lake County Jail to comply with the provisions therein.

The remainder of the evidence consists of Holland's testimony and argument. Although there are situations where "a plaintiff can rely on h[is] own circumstances to establish the existence of a widespread practice, that task is necessarily difficult because 'what is needed is evidence that there is a true municipal policy at issue, not a random event.'" *Diab v. Chi. Bd. of Educ.*, 850 F. Supp. 2d 899, 925 (N.D. Ill. 2012) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008). In order "to prevail on this type of claim, plaintiffs relying on their specific situations must weave those separate incidents together into a cognizable policy." *Id.* (quoting *Phelan*, 463 F.3d at 790) (quotation marks and other citations omitted). Holland has failed to identify even one other inmate who suffered similar alleged constitutional violations, let alone enough similarly-situated inmates to demonstrate a policy, and he does not claim to be the target of a type of discrimination that would make it difficult for him to identify other victims. *See, e.g., Phelan*, 463 F.3d at 789-90 ("identifying numerous individuals who ha[d] received treatment similar to the plaintiff [wa]s impossible" for the plaintiff as she was the only woman in the position); *Diab*, 850 F. Supp. 2d at

925 ("[the plaintiff] has neither alleged, nor shown, that the Board turned a blind eye to the complaints of others sharing any of her protected characteristics").

In order for Holland to succeed on his claims, "what is needed is evidence that there is a true municipal policy at issue, not a random event. If the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer that there is a policy at work." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Holland has failed to "introduce evidence demonstrating that the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Phelan*, 463 F.3d at 790.

To the extent that Holland is asserting claims against the Sheriff and Warden in their individual capacities, those claims also fail. Pretrial detainees are protected from "deliberate indifference." *See, e.g., Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007). In order for Holland "[t]o establish deliberate indifference, [he] must present evidence that an individual defendant intentionally disregarded the known risk to inmate health or safety. A defendant['s] . . . action must be reckless before § 1983 liability can be found." *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006) (quotation and citations omitted); *see also Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003)("§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim. Although direct participation is not necessary, there must at least be a showing that the Sheriff acquiesced in some demonstrable way in the alleged constitutional violation.") (citations omitted); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) ("Neither negligence nor even gross negligence is a sufficient basis for liability; rather, liability attaches only if the conduct is intentional or criminally reckless."). In this case,

Holland has not provided any evidence that he complained of any specific threat to his health or well-being or otherwise "demonstrate[d] that the Sheriff [or Warden] was aware of a substantial risk of injury to him," *Butera v. Cottey*, 285 F.3d 601, 607 (7th Cir. 2002) (citations omitted), nor that they ignored or participated in the threatening circumstances in an intentional or criminally reckless way. There is no genuine issue of material fact concerning the personal liability of the Sheriff or the Warden.

Likewise, Holland does not present any evidence in support of his failure-to-train claim. A municipality's failure to train may constitute an official custom or policy for purposes of liability under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A claim for failure to train can be proven with evidence "of either (1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeated complaints of constitutional violations by [] officers." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006).

Holland has not included any evidence that he or others made specific complaints about the conditions of the jail that were ignored by its officers, nor has he identified any proof of constitutional deficiency of the training. *Palmquist v. Selvik*, 111 F.3d 1332, 1345-46 (7th Cir. 1997) (plaintiff must offer "evidence that the training was constitutionally deficient" and "proof that a deficiency in training actually caused the [] officers' indifference") (quotation omitted). A successful claim for failure to train requires "a finding that the policymakers have actual or constructive notice that a particular omission [] is likely to result in constitutional violations," *Cornfield v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993), but Holland's

arguments about the failure to train fall far short of demonstrating "a high degree of culpability on the part of the policymaker." *Id.*

Holland has not provided sufficient evidence to support his burden on his motion or to defend against summary judgment. The Court need not examine the parties' remaining arguments.

## MOTIONS TO STRIKE

Plaintiff Holland requests that the Court strike a number of Defendants' documents, including answers, affidavits, and exhibits. Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). None of the documents Holland seeks to strike are redundant, impertinent, or scandalous, and removing them will not expedite or remove clutter from the case. Accordingly, Holland's Motions to Strike are denied.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Defendant Lake County Board of Commissioners' Motion for Summary Judgment [DE 297] and the Motion for Summary Judgment by Sheriff Dominguez and Warden of the Lake County Jail [DE 299], and **DENIES** the motion contained within the Memorandum in Support of Summary Judgment and Daubert Motion [DE 302],

the Second Motion for Summary Judgment by All Gary Defendants [DE 244]. This terminates all of Plaintiff Holland's claims against Defendants Lake County Board of Commissioners, Lake County Sheriff Dominguez, and Warden of the Lake County Jail.

The Bench Trial setting, the Final Pre-Trial Conference setting, and all other previously established dates and deadlines in this case are hereby **VACATED**.

So **ORDERED** this 8th day of January, 2013.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*