# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, ) | |
|    Plaintiff, ) | |
| ) | CAUSE NO.: 2:10-CV-454-JD-PRC |
| v. ) | |
| ) | |
| THE CITY OF GARY, *et al.*, ) | |
|    Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a "Motion to Correct Errors and to Set Aside the Orders of December 27, 2011 and December 6, 2012" [DE 321], filed by Plaintiff Holland on January 7, 2013, and a "Motion to Correct Errors and to Set Aside the Orders of December 27, 2011, December 6, 2012 and January 8, 2013" [DE 326], filed by Plaintiff Holland on February 4, 2013. On February 18, 2013, Defendants Lake County Board of Commissioners, Sheriff Dominguez and Warden of the Lake County Jail (the "Lake County Defendants") filed a response to the February 4, 2013 Motion. Plaintiff has not filed a reply and the time to do so has expired.

## BACKGROUND

The Plaintiff, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

On December 22, 2010, Lake County Sheriff Dominguez and the Warden of the Lake County Jail filed Answers. On December 23, 2010, the City of Gary, Mayor Rudy Clay, City of Gary Chief of Police, Johnny Gill, and Officer Termell Williams (the "Gary Defendants") filed an Answer. On January 3, 2011, the Lake County Board of Commissioners filed its Answer.

On December 27, 2011, the Court entered an Order granting in part the Motion for Summary

Judgment filed by Defendants the City of Gary, City of Gary Chief of Police, Rudy Clay, Johnny Gill, and Tremell Williamson, leaving only two claims pending against the Gary Defendants: abuse of process and intentional infliction of emotional distress. On December 6, 2012, the Court entered an Order granting the second Motion for Summary Judgment filed by the Gary Defendants, leaving the Lake County Defendants as the only remaining defendants in the case.

On January 8, 2013, the Court granted the Motions for Summary Judgment filed by Defendant Lake County Board of Commissioners and Defendants Sheriff Dominguez and the Warden of the Lake County Jail, and denied Plaintiff Holland's Motion for Summary Judgment.

On January 7, 2013, Plaintiff Holland filed the Motion to Correct Errors and to Set Aside the Orders of December 27, 2011 and December 6, 2012, requesting reconsideration of the Court's Orders granting summary judgment to the Gary Defendants. On February 4, 2013, Plaintiff Holland filed the instant Motion to Correct Errors and to Set Aside the Orders of December 27, 2011, December 6, 2012 and January 8, 2013, including an additional request that the Court reconsider its grant of summary judgment to the Lake County Defendants. On February 18, 2013, the Lake County Defendants filed a response. Plaintiff Holland has not filed a reply and the time to do so has passed.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**STANDARD OF REVIEW**

In the title of the documents, Plaintiff Holland has identified the requested relief as correcting errors and setting aside orders, pursuant to Federal Rules of Civil Procedure 59 and 60.

Federal Rule of Civil Procedure 60 provides for relief from a judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir.1997).

Federal Rule of Civil Procedure 59(e) provides that, "[a]ny motion to alter or amend judgment shall be filed no later than 28 days after entry of the judgment," Fed.R.Civ.P. 59(e). Plaintiff Holland filed the Motion at [DE 321] in time to challenge the Court's Order of December 6, 2012, granting summary judgment to the Gary Defendants, and filed the Motion at [DE 326] in time to challenge the Court's Order of January 8, 2013, granting summary judgment to the Lake County Defendants. A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). However, Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995))

3

Brought under any Rule, a motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

## ANALYSIS

In the instant Motions, Plaintiff Holland requests that the Court reconsider a number of its Orders in this case. Although in the caption and introductory statements he identifies the orders granting summary judgment to Defendants, he also raises objections to a large number of the orders issued by the Court in this case. Indeed, Plaintiff Holland even requests that the Court reconsider motions that were ruled on in his favor. *See, e.g.,* Order of May 20, 2011, granting Plaintiff's Motion to Compel [DE 82]; Order of May 20, 2011, granting Plaintiff's Request for an Order for the Defendants to Preserve Evidence [DE 83].

Plaintiff argues that the Gary Chief of Police has not answered or defended in the case. The docket clearly shows, however, that the Gary Chief of Police, by counsel, filed an Answer, at [DE 28],

4

and Motions for Summary Judgment, at [DE 135 and 244]. Plaintiff Holland also re-raises arguments about his desire to amend his Complaint and to be appointed counsel. No new arguments are included, and the Court has addressed his motions for counsel multiple times in great detail. [DE 81, 111, 169, 260, 286]. Likewise, the Court has ruled on Plaintiff Holland's motions to compel and other motions involving discovery disputes. He was successful on several of those Motions, *see, e.g.,* Order of May 20, 2011, granting Plaintiff's Motion to Compel [DE 82]; Opinion and Order of April 16, 2012, granting in part Plaintiff's Motion to Compel [DE 263]. Because of the vast amount of discovery requested by Plaintiff Holland in this case and the fact that he is a *pro se* litigant, the Court afforded additional opportunities for Plaintiff Holland to clarify what relevant discovery requests were ignored or the subject of inappropriate objections. *See* Order of December 27, 2011, granting leave for Holland to address individual discovery requests deemed inadequate [DE 202]; Opinion and Order of April 16, 2012, granting leave for Plaintiff Holland to specifically identify outstanding discovery requests [DE 263]. There is no newly-discovered evidence or change in the law governing these issues, and Plaintiff Holland has not identified any error of apprehension by the Court.

The bulk of Plaintiff Holland's Motions contains argument that the Court erred in its grant of summary judgment to Defendants in this case. Plaintiff Holland reargues all of the motions for summary judgment, including arguments already included in his Motion to Reconsider the Gary Defendant's first Motion for Summary Judgment, denied by this Court on April 4, 2012 [DE 262]. Plaintiff Holland does not identify any newly-discovered evidence. The instant Motions to Reconsider merely rehash legal theories and arguments already addressed by the Court or add new theories and arguments that should have been advanced in his original Motions for Summary Judgment or responses to Defendants' Motions. There has been no significant change in either the facts or the law

since the Court's prior Orders and the Motions to Reconsider will therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the "Motion to Correct Errors and to Set Aside the Orders of December 27, 2011 and December 6, 2012" [DE 321], and the "Motion to Correct Errors and to Set Aside the Orders of December 27, 2011, December 6, 2012 and January 8, 2013" [DE 326].

SO ORDERED this 5th day of March, 2013.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, *pro se*