UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND,           )  | |
|     Plaintiff,           )  | |
|                               )  | CAUSE NO.: 2:10-CV-454-JD-PRC |
| v.                         )  | |
|                               )  | |
| THE CITY OF GARY, *et al*.,   )  | |
|     Defendants.           )  | |

**OPINION AND ORDER**

This matter is before the Court on a Request for Amendment of the Findings of the Court in its March 5, 2013, Order [DE 346], filed by Plaintiff Holland on March 12, 2013. Defendants Lake County Board of Commissioners, Sheriff Dominguez, and Warden of the Lake County Jail filed a response on March 25, 2013. Plaintiff has not filed a reply and the time to do so has passed.

**BACKGROUND**

The Plaintiff, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

On December 22, 2010, Lake County Sheriff Dominguez and the Warden of the Lake County Jail filed Answers. On December 23, 2010, the City of Gary, Mayor Rudy Clay, City of Gary Chief of Police, Johnny Gill, and Officer Termell Williams (the "Gary Defendants") filed an Answer. On January 3, 2011, the Lake County Board of Commissioners filed its Answer.

On December 27, 2011, the Court entered an Order granting in part the Motion for Summary Judgment filed by Defendants the City of Gary, City of Gary Chief of Police, Rudy Clay, Johnny Gill, and Tremell Williamson, leaving only two claims pending against the Gary Defendants: abuse of process and intentional infliction of emotional distress. On December 6, 2012, the Court entered

an Order granting the second Motion for Summary Judgment filed by the Gary Defendants, leaving the Lake County Defendants as the only remaining defendants in the case.

On January 8, 2013, the Court granted the Motions for Summary Judgment filed by Defendant Lake County Board of Commissioners and Defendants Sheriff Dominguez and the Warden of the Lake County Jail, and denied Plaintiff Holland's Motion for Summary Judgment.

On January 7, 2013, Plaintiff Holland filed a Motion to Correct Errors and to Set Aside the Orders of December 27, 2011 and December 6, 2012, requesting reconsideration of the Court's Orders granting summary judgment to the Gary Defendants, and on February 4, 2013, Plaintiff Holland filed a Motion to Correct Errors and to Set Aside the Orders of December 27, 2011, December 6, 2012 and January 8, 2013.

On March 5, 2013, the Court issued an Opinion and Order denying Plaintiff Holland's requests for reconsideration. Plaintiff Holland now requests that the Court reconsider that Opinion and Order. The Lake County Defendants filed a response on March 25, 2013. Plaintiff Holland has not filed a reply and the time to do so has passed.

On February 6, 2013, Plaintiff Holland filed a Notice of Appeal indicating that he was appealing this Court's grants of Defendants' Motions for Summary Judgment to the Seventh Circuit Court of Appeals.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636©.

**STANDARD OF REVIEW**

Plaintiff Holland identifies Federal Rules of Civil Procedure 52, 56, 59, and 60 as the source of the relief he seeks. Rule 52 governs bench trials and Rule 56 governs motions for summary judgment and are therefore inapplicable to the current request. Federal Rule of Civil Procedure 60 provides for relief from a judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir.1997).

Federal Rule of Civil Procedure 59(e) provides that, "[a]ny motion to alter or amend judgment shall be filed no later than 28 days after entry of the judgment," Fed.R.Civ.P. 59(e). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). However, Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v.*

3

*Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995))

Brought under any Rule, a motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

Although Plaintiff filed an appeal of this case, this Court retains jurisdiction of the Motion insofar as it is a motion to reconsider that will be denied. *See Brown v. Pierson*, 12 F. App'x 398, 402 (7th Cir. 2001); *Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 370 (7th Cir.1991); *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849-50 (7th Cir.1981).

## ANALYSIS

In the instant Motion, Plaintiff seeks reconsideration of the Court's Order denying a previous request for reconsideration, although he characterizes both the current and previous Motions as "motion[s] to correct errors of fact and law." He also requests a hearing, claiming, without citation to any authority in support of his claim, that Rules 59 and 60 require oral argument. However, the

Court finds no basis for Plaintiff Holland's contention that a hearing is necessary, and concludes that the briefs contain sufficient information from which it is able to rule on the instant Motion without oral argument.

The bulk of Plaintiff's Motion re-raises arguments already ruled on by the Court. There is no newly-discovered evidence or change in the law governing these issues, and Plaintiff Holland has not identified any error of apprehension by the Court. There has been no significant change in either the facts or the law since the Court's prior Orders and the Motion is therefore denied.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Request for Amendment of the Findings of the Court in its March 5, 2013, Order [DE 346].

SO ORDERED this 23rd day of April, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT


cc:   All counsel of record
      Plaintiff, *pro se*