UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF GARY, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 2:10-CV-454-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Set Aside [DE 357], filed by Plaintiff on October 29, 2013, and a Notice to The Court, and Request for Ruling or Status Conference [DE 363], filed by Plaintiff on March 25, 2014. The Motion to Set Aside became fully briefed on November 18, 2013.

**I. Background**

As might be guessed by the enormous number of docket entries, this case has a long and convoluted history. The Plaintiff, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities.

On December 22, 2010, Lake County Sheriff Dominguez and the Warden of the Lake County Jail filed Answers. On December 23, 2010, the City of Gary, then-Mayor Rudy Clay, City of Gary Chief of Police, Johnny Gill, and Officer Termell Williams (the "Gary Defendants") filed an Answer. On January 3, 2011, the Lake County Board of Commissioners filed its Answer.

On December 27, 2011, the Court entered an Order granting in part the Motion for Summary Judgment filed by Defendants the City of Gary, City of Gary Chief of Police, Rudy Clay, Johnny Gill, and Tremell Williamson, leaving only two claims pending against the Gary Defendants: abuse

of process and intentional infliction of emotional distress. On December 6, 2012, the Court entered an Order granting the second Motion for Summary Judgment filed by the Gary Defendants, leaving the Lake County Defendants as the only remaining defendants in the case.

On January 8, 2013, the Court granted the Motions for Summary Judgment filed by Defendant Lake County Board of Commissioners and Defendants Sheriff Dominguez and the Warden of the Lake County Jail, and denied Plaintiff's Motion for Summary Judgment.

On January 7, 2013, Plaintiff filed a Motion to Correct Errors and to Set Aside the Orders of December 27, 2011 and December 6, 2012, requesting reconsideration of the Court's Orders granting summary judgment to the Gary Defendants, and on February 4, 2013, Plaintiff filed a Motion to Correct Errors and to Set Aside the Orders of December 27, 2011, December 6, 2012 and January 8, 2013.

On February 6, 2013, Plaintiff filed a Notice of Appeal indicating that he was appealing this Court's grants of Defendants' Motions for Summary Judgment to the Seventh Circuit Court of Appeals. On March 5, 2013, the Court issued an Opinion and Order denying Plaintiff's requests for reconsideration. Plaintiff then asked the Court to reconsider its decision not to reconsider its grant of summary judgment, which this Court denied on April 23, 2013.

The Court of Appeals affirmed this Court's grant of summary judgment on October 2, 2013. Not to be deterred, Plaintiff then filed a Motion to Set Aside on October 29, 2013, seeking relief under Federal Rule of Civil Procedure 60.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Analysis

Federal Rule of Civil Procedure 60 provides for relief from a judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir.1997).

The Court finds that none of the Rule 60 categories apply here. Rather, Plaintiff is attempting again to religitgate summary judgment. Indeed, he again asks that summary judgment be granted in his favor. But there is no newly discovered evidence or change in the law governing these issues, and Plaintiff has not identified any error of apprehension by the Court. Plaintiff's motions are hence both denied. Indeed, both motions are frivolous and wholly without merit. Plaintiff, who is a former attorney, should know better. This Court's time is precious and should not be wasted. The Court thus warns Plaintiff that any further frivolous filings may result in the Court holding him in contempt of court.

### III. Conclusion

For these reasons, the Court **DENIES** the Motion to Set Aside [DE 357] and the motions contained within the Notice to the Court, and Request for Ruling or Status Conference [DE 363]. The Court **WARNS** Plaintiff that any further frivolous filings may result in the Court holding him in contempt of court.

SO ORDERED this 24th day of April, 2014.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, *pro se*