```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

ROBERT HOLLAND,                )
    Plaintiff,              )
                            )
    v.                      )    CAUSE NO.: 2:10-CV-454-PRC
                            )
THE CITY OF GARY, *et al.*,    )
    Defendants.             )

## OPINION AND ORDER

This matter is before the Court on a Request for De Novo Review of the case by the District Court Judge Prior to Appeal [DE 368], filed by *pro se* Plaintiff Robert Holland on May 5, 2014. No response has been filed, and the time to do so has passed.

Plaintiff asks that an Article III judge review this Court's decisions *de novo*. He contends that Defendant City of Gary Chief of Police never consented to have this case assigned to a United States Magistrate Judge under 28 U.S.C. § 636(c) and that the undersigned magistrate judge accordingly did not have jurisdiction to enter final judgment in this case.

The undersigned was advised on May 19, 2011, that all parties had consented to magistrate judge jurisdiction. There is accordingly no Article III judge currently assigned to this case. Plaintiff does not cite any cases or other authority—and the Court cannot find any—stating that objections to consent jurisdiction must be heard by an Article III judge. Indeed, magistrate judges in this district routinely rule on their own jurisdiction when a new party is added to a case and does not consent to magistrate judge jurisdiction. *Cf. Peer v. Lewis*, 06-60146-CIV, 2011 WL 3300137 at *9–10 (S.D. Fla. Aug. 2, 2011) (analyzing whether a magistrate judge had consent jurisdiction) (Torres, M.J.).

The Court construes this motion as seeking relief under Federal Rule of Civil Procedure 60(b)(4), which provides that the Court "may relieve a party or its legal representative from a final

judgment, order, or proceeding [if] the judgment is void." Fed. R. Civ. P. 60(b). Unlike Rule 60(b)(1)–(3) motions, which must be made "no more than a year after the entry of the judgment or order or date of the proceeding," Rule 60(b)(4) motions may be filed "within a reasonable time." *Id.* The Court notes that "the pendency of an appeal does not affect the district court's power to grant Rule 60 relief." *Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) (citing *Standard Oil Co. of Cal. v. U. S.*, 429 U.S. 17, 18–19 (1976); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2873 (3d ed. 1994 Supp.)).

Plaintiff does not cite any specific reason why he thinks Defendant City of Gary Chief of Police did not consent to magistrate judge jurisdiction, but his objection presumably arises from a discrepancy between the appearance filed by attorney Donald P. Levinson and the docket entry for that appearance. On December 17, 2010, attorney Levinson filed an appearance on behalf of a handful of defendants. The entry on the docket (which is entered into the electronic filing system by the attorney) states that attorney Levinson appeared on behalf of all the Gary Defendants: Rudy Clay, the City of Gary, Johnny Gill, and the City of Gary Chief of Police. *See* Docket Entry 21. But the appearance document itself does not list the City of Gary Chief of Police. *Id.*

The implication is that if the Gary Chief of Police did not appear, his purported attorney could not have consented to magistrate judge jurisdiction on his behalf. Plaintiff has raised a similar objection before, contending that the Gary Chief of Police, having never appeared, thus also never answered or defended himself in this case. The Court rejected this contention in a March 5, 2013 Opinion and Order, remarking that the docket showed that the Gary Chief of Police had, by counsel, filed an Answer (Docket Entry 28) and Motions for Summary Judgment (Docket Entries 135 and 244). The Court reaffirms this finding.

To enter an appearance, a party is generally required to make some submission or presentation to the court where the suit is pending. *N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 168 (7th Cir. 1988) (citing Wright & Miller, *supra,* § 2686); *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011)). Between the docket entry accompanying the appearance document and the Answer, there is ample support for a finding that the City of Gary Chief of Police appeared by attorney Donald Levison prior to May 19, 2011, when this Court was advised that all parties, including the City of Gary Chief of Police, had consented to magistrate judge jurisdiction. The consent jurisdiction of the undersigned magistrate judge over this case thus remains intact.

The remaining portions of Plaintiff's motion are (yet another) attempt to revive claims this Court ruled against on summary judgment and in a handful of Motions to Reconsider. For the reasons articulated by this Court in those prior orders, the Court again finds Plaintiff's arguments to be without merit. For these reasons, the Court **DENIES** the Request for De Novo Review of the case by the District Court Judge Prior to Appeal [DE 368].

SO ORDERED this 6th day of June, 2014.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record
       Plaintiff, *pro se*