# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, | ) |
|     Plaintiff, | ) |
| | )   CAUSE NO.: 2:10-CV-454 PRC |
| v. | ) |
| | ) |
| THE CITY OF GARY, *et al.*, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate Final Judgment [DE 381], filed by Plaintiff Robert Holland on April 26, 2016, a Request for Sanctions Against Defendants for Their Obdurate Behavior During the Litigation [DE 386], filed by Plaintiff on May 19, 2016, a Notice to Judge DeGuilio [DE 387], filed by Plaintiff on May 20, 2016, a Verified Motion for Sanctions, Attorney's Fees, Costs and Expenses Due to the Defendants' Obdurate Behavior in Litigation [DE 389] filed by Plaintiff on May 31, 2016, and a Verified Request for Final Judgment on the Merits [DE 390], filed by Plaintiff on May 31, 2016.

## PROCEDURAL HISTORY

Plaintiff, proceeding in this matter *pro se*, filed his Complaint in this Court on November 15, 2010. The Complaint includes two counts of police misconduct alleged against seven defendants, including municipal entities and officers in their official capacities. The Court will refer to the City of Gary, then-Mayor Rudy Clay, City of Gary Chief of Police, Johnny Gill, and Officer Tremell Williams as the "Gary Defendants" and to the Lake County Board of Commissioners, then-Lake County Sheriff Roy Dominguez, and the Lake County Jail Warden as the "Lake County Defendants."

On December 27, 2011, the Court entered an Order granting in part a Motion for Summary Judgment filed by the Gary Defendants, leaving only two claims pending against the Gary

Defendants: abuse of process and intentional infliction of emotional distress. On December 6, 2012, the Court entered an Order granting a second Motion for Summary Judgment filed by the Gary Defendants, leaving the Lake County Defendants as the only remaining defendants in the case.

On January 8, 2013, the Court granted two Motions for Summary Judgment filed by the Lake County Defendants, and denied Plaintiff's Motion for Summary Judgment.

On January 7, 2013, Plaintiff filed a Motion to Correct Errors and to Set Aside the Orders of December 27, 2011 and December 6, 2012, requesting reconsideration of the Court's Orders granting summary judgment to the Gary Defendants, and on February 4, 2013, Plaintiff filed a Motion to Correct Errors and to Set Aside the Orders of December 27, 2011, December 6, 2012 and January 8, 2013.

On February 6, 2013, Plaintiff filed a Notice of Appeal indicating that he was appealing this Court's grants of Defendants' Motions for Summary Judgment to the Seventh Circuit Court of Appeals. On March 5, 2013, the Court issued an Opinion and Order denying Plaintiff's requests for reconsideration. Plaintiff then asked the Court to reconsider its decision not to reconsider its grant of summary judgment, which this Court denied on April 23, 2013.

The Seventh Circuit Court of Appeals affirmed this Court's grant of summary judgment on October 2, 2013. Not to be deterred, Plaintiff then filed a Motion to Set Aside on October 29, 2013, seeking relief under Federal Rule of Civil Procedure 60. The Court denied that motion on April 24, 2014.

On May 5, 2014, Plaintiff filed a Motion for De Novo Review of the case by an Article III Judge, in which Plaintiff argued that there had not been consent to magistrate judge jurisdiction by all parties in this case. The Court denied that motion on June 6, 2014.

On April 26, 2016, Plaintiff filed the instant Motion to Vacate the Final Judgment [DE 381]. The Lake County Defendants and Gary Defendants filed responses [DE 384 and 385, respectively] on May 12, 2016. Plaintiff did not file a reply, and the time in which to do so has passed.

On May 19, 2016, Plaintiff filed a Motion for Sanctions [DE 386], and on May 31, 2016, Plaintiff filed a Verified Motion for Sanctions [DE 389]. The Gary Defendants filed a response [DE 392] to the Motion for Sanctions on June 1, 2016, and a response [DE 400] to the Verified Motion for Sanctions on June 10, 2016. The Lake County Defendants filed a response [DE 394] to the Motion for Sanctions on June 3, 2016, and a response [DE 399] to the Verified Motion for Sanctions on June 9, 2016. Plaintiff filed a reply [DE 396] to the Motion for Sanctions on June 8, 2016, and he did not file a reply to the Verified Motion for Sanctions, and his deadline to do so expired.

On May 20, 2016, Plaintiff filed a document titled "Notice to Judge DeGuilio" [DE 387]. The Gary Defendants filed a response on June 2, 2016 [DE 393], and the Lake County Defendants filed a response on June 3, 2016 [DE 395]. Plaintiff filed a reply [DE 397] on June 8, 2016.

On May 31, 2016, Plaintiff filed the instant Verified Request for Final Judgment on the Merits [DE 390]. The Lake County Defendants filed a response [DE 398] on June 8, 2016, and the Gary Defendants filed a response [DE 401] on June 13, 2016. Plaintiff did not file a reply before the deadline.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**MOTION TO VACATE THE JUDGMENT**

In the introduction to the Motion to Vacate the Judgment, Plaintiff indicates that he is filing the motion pursuant to Federal Rule of Civil Procedure 60(b)(4), (b)(5), (b)(6), (d)(1), and (d)(3). In the section on standards of review, Plaintiff also mentions subsections (b)(1) and (b)(3) of Rule 60. As will be discussed below, Plaintiff is not entitled to relief under any of these subsections of Rule 60.

**A. Legal Standards**

Because relief under subsections (b)(1), (b)(3), and (d)(1) is unavailable without any need for analysis of Plaintiff's arguments, the Court will explain those subsections first before explaining the legal standard for the other subsections.

There is a one-year time limit to bring motions under subsections (b)(1) and (b)(3). Fed R. Civ. P. 60(c)(1). The instant motion was filed on April 26, 2016, more than one year after the judgments and orders challenged in the motion. Therefore, to the extent the motion is brought under Rule 60(b)(1) or (b)(3), the motion is denied as untimely.

Rule 60(d)(1) provides that Rule 60 does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding. Plaintiff has not filed an independent action. Instead, he has filed a motion in this terminated case. Therefore, Rule 60(d)(1) has no bearing on this motion. *See Best v. U.S.*, Nos. 2:00-CR-171, 2:08-CR-59, 2010 WL 3782160, at *2 (N.D. Ind. Sept. 22, 2010) ("Best has not filed an 'independent action,' but rather has filed a motion in this terminated section 2255 matter. Thus, he has not properly invoked Rule 60(d)(1)."). To the extent the motion is brought under Rule 60(d)(1), the motion is improper and no relief is granted.

The Court now turns to the remaining subsections: 60(b)(4), (b)(5), (b)(6), and (d)(3).

Under Rule 60(b), "[i]nstead of trying to relitigate the merits . . . , a litigant has to come up with something *different*—perhaps something overlooked before, perhaps something new." *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016) (emphasis in original) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 536-38 (2005), *Ackermann v. United States*, 340 U.S. 193 (1950)).

Under Rule 60(b)(4), a party is entitled to relief from judgment if the judgment was void. "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final," and is uncommon. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

Rule 60(b)(5) provides for setting aside a judgment where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests . . . . The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Horne v. Flores*, 557 U.S. 433, 447 (2009).

Rule 60(b)(6) permits relief for "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) "requires a showing of 'extraordinary circumstances.'" *Gonzalez*, 545 U.S. at 536 (*see also Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011) ("Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances."). "[L]egal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of

5

factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

Finally, Federal Rule of Civil Procedure 60(d)(3) clarifies that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. Fraud on the court is often defined as actions that "defile the court." *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011) (collecting cases). Because there is no deadline for filing a motion to set aside judgment for fraud on the court, fraud on the court must be defined narrowly in order to avoid opening up civil judgments to perpetual collateral attacks. *Id.* (quoting *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997); citing *Drobny v. Comm'r of Internal Revenue*, 113 F.3d 670, 678 (7th Cir. 1997)). "Precisely because there is no deadline for asserting fraud on the court, such a motion must allege the kind of fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, such as in cases where there are no grounds for suspicion and the fraud comes to light serendipitously." *Ventre v. Datronic Rental Corp.*, 482 F. App'x 165, 169 (7th Cir. 2012) (internal quotation marks omitted) (quoting *In re Golf 255, Inc.*, 652 F.3d at 809). The party seeking to set aside a judgment for fraud on the court must prove fraud by clear and convincing evidence. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (citing *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008)).

**B. Analysis**

Plaintiff presents many arguments in his Motion to Vacate. However, as the Court will describe below, none of the arguments are successful.

Plaintiff, not for the first time, argues that the undersigned lacks jurisdiction to enter final judgment in this case. This argument is premised on the theory that the Gary Chief of Police failed

to appear. The Court addressed this same argument in an Opinion and Order dated June 6, 2014 [DE 374]. For the reasons stated in that Opinion and Order, the Gary Chief of Police did appear, and the undersigned has jurisdiction to enter final judgment in this case. The request to vacate the judgment on this basis is denied.

Next, Plaintiff contends that there was a complete lack of due process in this case. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process *that deprives a party of notice or the opportunity to be heard.*" *United Student Aid Funds, Inc.*, 559 U.S. at 271 (emphasis added). Despite Plaintiff's assertions that there was a lack of due process, the record of this case's litigation shows prolific filing by Plaintiff. He, as the initiator of this litigation, had notice of it, and any argument that he did not have an opportunity to be heard is contradicted by the case record, lacks a clear statement of any due process issues in the instant litigation, and is without merit.

Plaintiff also asserts that the judgment must be set aside due to fraud on the court. In order for a judgment to be set aside as allowed by Rule 60(d)(3), fraud on the court must be shown by clear and convincing evidence. Plaintiff has presented no specific evidence in support of his assertions of fraud on the court, only unsupported argument and broad references to documents he filed in the instant litigation and in a separate cause of action (Northern District of Indiana Cause No. 2:15-CV-207). The fraud on the court argument is unsuccessful.

Next, Plaintiff makes several arguments for relief based on the merits of the underlying summary judgment ruling, For example, Plaintiff contends that there was an unreasonable delay in processing Plaintiff as an inmate, that Defendants arrested Plaintiff without probable cause, and that one of the motions for summary judgment was procedurally improper because it was filed before the

close of discovery. These arguments are not appropriate under Rule 60. "[D]isagreement with the merits of the underlying judgment simply is not a reason for relief under Rule 60(b)." *Bell*, 820 F.3d at 883 (citing *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir.2014); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000);*Cash v. Illinois Division of Mental Health*, 209 F.3d 695, 698 (7th Cir.2000); *Parke–Chapley Construction Co. v. Cherrington*, 865 F.2d 907 (7th Cir.1989)). Further, these arguments do not implicate Rule 60(d)(3) and the ability of the Court to set aside a judgment for fraud on the court. These arguments to not provide a reason for the Court to set aside the judgment.

Finally, Plaintiff argues that Judge DeGuilio should have recused himself from this case. Without addressing the merits of this argument, the Court finds this argument irrelevant, as Judge DeGuilio did not issue any of the orders that Plaintiff seeks to have set aside.

Plaintiff is not entitled to relief under any of the subsections of Rule 60 that he invokes. Therefore, the Motion to Vacate the Final Judgment is denied.

## NOTICE TO JUDGE DEGUILIO

Though the Notice is directed to Judge DeGuilio, this case has been reassigned, by consent of the parties, to the jurisdiction of the undersigned. Judge DeGuilio is no longer assigned to this case, so the Notice is before the undersigned for disposition. Plaintiff states that he brings this Notice pursuant to Federal Rule of Civil Procedure 60(b)(4), (b)(5), (b)(6), and (d), but the only relief requested in the Notice is an oral hearing. This request is denied because the Court is able to resolve all of the pending motions on the written briefs. Further, the thrust of Plaintiff's statements in the Notice is that Plaintiff wishes to relitigate the merits of the summary judgment motions that resulted in judgment being entered in favor of all Defendants. As stated above, Rule 60(b) provides no relief

on the basis of a party's disagreement with the merits of a judgment. Relief under Rule 60(d) is also inappropriate because Plaintiff, in the Notice, is not seeking to bring an independent action, arguing that he was not personally notified of this action, or alleging fraud on the court. *See* Fed. R. Civ. P. 60(d). Therefore, all relief requested directly or by inference in the Notice to Judge DeGuilio is denied.

## REQUEST FOR FINAL JUDGMENT ON THE MERITS

Plaintiff requests that final judgment be entered in this litigation. Because judgment has already been entered and has not been vacated, this request is denied as moot. Further, this motion is yet another attempt to relitigate the merits of the lawsuit, which has been decided both in this Court and on appeal, and Plaintiff provides no meritorious reason, such as a change in the law or extraordinary circumstances, for the Court to disturb the judgment.

## MOTIONS FOR SANCTIONS

There are two pending motions for sanctions that were filed by Plaintiff. Plaintiff's arguments for an award of sanctions in his favor are the same in both motions, and in the second motion, Plaintiff indicates that he is seeking sanctions under both Rule 11 and Rule 37 of the Federal Rules of Civil Procedure. Plaintiff states that sanctions are appropriate because (1) the Gary Defendants filed a motion for summary judgment before the close of discovery, and (2) Defendants submitted false statements or documents and withheld exculpatory evidence in the course of litigating this matter.

Regarding the first issue, the Seventh Circuit Court of Appeals directly addressed this on Plaintiff's appeal. "[I]f Holland needed further discovery, he should have moved under Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), explaining why he could not yet present facts

9

essential to his opposition." *Holland v. City of Gary*, 533 F. App'x 661, 662 (7th Cir. 2013). Plaintiff did not avail himself of Rule 56(d)'s provisions, and this argument provides no basis upon which to grant the Motions for Sanctions.

Next, Plaintiff makes several unsupported assertions about false statements and documents in the record and documents withheld in discovery. As the party seeking sanctions, Plaintiff bears the burden to show that sanctions are appropriate under Rule 11. *Signature Retail Servs., Inc. v. Darnell*, No. 12 C 7657, 2013 WL 1767716, at *2 (N.D. Ill. Apr. 24, 2013) (citing *Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, No. 08C400, 2011 WL 5373975, at *6 (N.D. Ill. 2011) (referencing the "'high burden of showing that Rule 11 sanctions are warranted'") (quoting *Lundeen v. Minemyer*, No. 09 C 3820, 2010 WL 5418896, at *3 (N.D. Ill. 2010))). Under Rule 37, sanctions are available when a discovery order is disobeyed.

Plaintiff's assertions of false statements and documents in the record are not supported by evidence or even by statements specifically identifying the portions of the documents or individual statements that Plaintiff contends are false. Though Plaintiff refers to this Court's April 16, 2012 Opinion and Order [DE 263], Plaintiff has not identified how he believes that Opinion and Order to have been disobeyed.

The Court finds no basis upon which to award sanctions in favor of Plaintiff against Defendants. Therefore, the Motions for Sanctions are denied.

## REQUEST FOR PRE-FILING ORDER

In their responses to the Motion to Vacate, Notice to Judge DeGuilio, Motion for Final Judgment on the Merits, and one of the Motions for Sanctions, the Lake County Defendants ask the Court to issue a pre-filing order against Plaintiff.

The Court has cautioned Plaintiff multiple times against filing frivolous motions and documents in this litigation. (*See* Apr. 24, 2014 Op. & Order, at 4, ECF No. 364; Mar. 29, 2012 Op. & Order, at 5-6, ECF No. 259; Oct. 27, 2011 Op. & Order, at 6, ECF No. 186; Aug. 18, 2011 Op.. & Order, at 5, ECF No. 134; July 29, 2011 Op. & Order, at 6, ECF No. 120). Despite these warnings, Plaintiff continues to file frivolous motions in an attempt to relitigate settled matters.

On January 5, 2017, while the instant motions were pending, the Seventh Circuit Court of Appeals issued sanctions against Plaintiff. First, Plaintiff was fined $500. Second, the Court of Appeals ordered that, unless and until Plaintiff pays all outstanding filing fees and fines, the clerks of all federal courts in the Seventh Circuit are directed to return unfiled any papers submitted either directly or indirectly by Plaintiff or on his behalf. *Holland v. Lake Cty. Mun. Gov't*, No. 16-2962 (7th Cir. Jan. 5. 2017). Because the relief requested is already in place, the request for a pre-filing order against Plaintiff is denied as moot.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion to Vacate Final Judgment [DE 381], the Request for Sanctions Against Defendants for Their Obdurate Behavior During the Litigation [DE 386], the Notice to Judge DeGuilio [DE 387], and the Verified Motion for Sanctions, Attorney's Fees, Costs and Expenses Due to the Defendants' Obdurate Behavior in Litigation [DE 389] and **DENIES as moot** the Verified Request for Final Judgment on the Merits [DE 390] and the Lake County Defendants' request for a pre-filing order.

SO ORDERED this 8th day of March, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:    Plaintiff, *pro se*